**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MONTY P. SENA,

      Petitioner-Appellant,

v.

NEW MEXICO STATE PRISON;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 95-2170

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-92-188 JC/DJS)

Roger A. Finzel (Judith A. Rosenstein with him on the briefs), Assistant Federal Public Defenders, Albuquerque, NM, for Petitioner-Appellant.

Margaret E. McLean, Assistant Attorney General (Tom Udall, Attorney General, with her on the brief). Santa Fe, New Mexico, for Respondents-Appellees.

Before **PORFILIO, MCWILLIAMS,** and **HENRY**, Circuit Judges.

**PORFILIO**, Circuit Judge.

Petitioner Monty P. Sena appeals the dismissal of his petition filed under 28 U.S.C. § 2254. In the petition, Mr. Sena asserted his 1978 state guilty plea was involuntary, his counsel was ineffective, and the state trial court erred by not granting him a competency hearing prior to the entry of his plea. The district court dismissed the petition on the basis of procedural default and denied a certificate of probable cause.

Because this appeal was pending during the adoption of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), we must first consider how that law affects this case. We have refused to apply retroactively the substantive portions of the AEDPA in a similar case. *See Edens v. Hannigan*, 87 F.3d 1109, 1111 n.1 (10th Cir. 1996). We therefore conclude only the procedural portions of that law are applicable here. Consequently, we construe petitioner's notice of appeal as an application for a certificate of appealability required by 28 U.S.C. § 2253(c) (as amended) and grant it for the reasons set forth in this opinion.

Governed by the substantive habeas law prior to adoption of the AEDPA, we review the district court's dismissal of the petition de novo on legal issues, *see Sinclair v. Henman*, 986 F.2d 407, 408 (10th Cir. 1993), affording a presumption of correctness to factual findings of the state trial court unless we determine those factual findings are not fairly supported by the record. 28 U.S.C. § 2254(d). We conclude the federal district court did not properly consider the claims under that standard.

The essential facts are simple. Charged with felonies in state court, Mr. Sena pled not guilty and sought a determination of competence. Tests revealed he was delusional and paranoid, but the state court could not conclusively determine Mr. Sena's competence to stand trial. Though additional tests conducted a month later supported the earlier evaluation of his mental health, the report nonetheless concluded Mr. Sena's "ability to cooperate with counsel, testify, and be cross-examined is marginal."

The state court held a competency hearing and ultimately found petitioner was "presently incompetent to stand trial." Mr. Sena was consequently hospitalized pursuant to an order requiring progress reports from his doctor and a further hearing in the event of changed circumstances. Approximately one year later, the state court set Mr. Sena's case for trial. Despite the court's earlier order mandating a competency hearing prior to trial, no such hearing was held. The decision to proceed apparently was based only upon a report from the hospital indicating Mr. Sena had "taken a turn for the better" and concluding he understood the charges against him and could assist in his defense. The report advised, however, that Mr. Sena return to the hospital for mental health treatment as a condition of probation should he be found guilty.

Mr. Sena was arraigned and pled guilty to aggravated burglary. He received a suspended sentence of ten to fifty years and was placed on probation for three years. The court also required Mr. Sena to participate in on-going treatment.

Eight months after his conviction, Mr. Sena was arrested and pled nolo contendere to charges of armed robbery and attempt to commit a felony. The state's motion to revoke probation was accompanied by a report noting Mr. Sena "seem[ed] psychologically unbalanced and in need of psychiatric help." Nearly two years later, probation was revoked and Mr. Sena's previous sentence imposed.

While imprisoned, Mr. Sena filed three pro se habeas petitions in state court. In one of the petitions, he raised the issue of his competence to stand trial. All three were summarily dismissed, and Mr. Sena did not appeal any of the dismissals. He then filed the present petition in federal district court.

In his federal petition, Mr. Sena claimed he had not appealed his state dismissals because he was mentally incompetent to understand his legal rights and obligations. He asked for an evidentiary hearing to prove prejudice and the state's fundamental miscarriage of justice.

After examining the merits of the petition, the district court stated "[n]othing in the record suggests that Petitioner was incompetent to stand trial at the time of his guilty plea." Noting the state court's "finding" of competency was entitled to a presumption of correctness, the court concluded "Petitioner has not done anything to rebut the presumption that the [trial] court found him to be competent to plead guilty." Finding no meritorious substantive claim, the district court ruled review of Mr. Sena's case was

procedurally barred. The request for an evidentiary hearing was denied and the petition dismissed.

Failure to present issues to a state's highest court will invoke procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Claims so neglected may be defaulted, *Romero v. Tansy*, 46 F.3d 1024, 1028 (10th Cir. 1995), unless the petitioner is entitled to an exception. If the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice, *id*., or if the nature of petitioner's claim renders it exempt from the procedural bar rule, *see Zapata v. Estelle*, 588 F.2d 1017, 1021 (5th Cir. 1979), his claim can be heard in federal habeas corpus. We believe the district court erroneously applied procedural bar to a substantive due process claim and, through misinterpretation of the state court record, incorrectly concluded the claim lacked merit.

Mr. Sena's principal constitutional challenge is that he was incompetent at the time he entered his guilty plea and that the state court allowed him to proceed without ensuring the validity of that plea. While competency claims can involve both procedural and substantive due process, *Vogt v. United States*, 88 F.3d 587, 590-91 (8th Cir. 1996); *James v. Singletary*, 957 F.2d 1562, 1569 (11th Cir. 1992), competence to *stand trial* is an aspect of *substantive* due process. *Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966), and *Coleman v. Saffle*, 912 F.2d 1217, 1224 (10th Cir. 1990)). Because of the conflation of cause (here

incompetence) and prejudice in the substantive due process claim presented in this case, procedural default does not apply. *See Zapata*, 588 F.2d at 1021.

The nature of Mr. Sena's claim is not that he was denied the due process of a statutory procedure, but that he entered a plea while mentally incompetent. He does not contend that the state deprived him of a procedural right, but that it committed a fundamentally unfair act, depriving him of his substantive right to due process. His failure to appeal that substantive claim in the state court, then, does not bar federal review.

The second step of our analysis requires that we probe the district court's decision to deny Mr. Sena an evidentiary hearing. The court, presuming the correctness of the state court's factual findings, concluded nothing in the record created a doubt concerning Mr. Sena's competency at the time he entered his plea. We disagree.

Our initial inquiry at this stage must be to assess whether the presumption applies here. Factual determinations by the state court are entitled to a presumption of correctness where those findings are evidenced by a written record and arrived at following a "full, fair and adequate hearing." 28 U.S.C. § 2254(d) and (d)(6). Because neither requirement has been satisfied in this case,[1] the district court was not in fact constrained by the state court's conclusions. Still, whether the district court relied on the

_____

[1] Even if the state court's decision to proceed to trial and to accept Mr. Sena's guilty plea could be construed as an implicit finding of competency, *see United States v. Crews*, 781 F.2d 826, 833 (10th Cir. 1986), such a finding did not result from a full, fair, and adequate hearing pursuant to 28 U.S.C. § 2254(d)(6).

state court's findings or whether it conducted its own examination of the record is of little consequence since we conclude a substantial doubt existed concerning Mr. Sena's competence at the time he entered his plea.

Enforcement of a conviction based on a plea of an incompetent person is a denial of due process. *See **Pate v. Robinson***, 383 U.S. at 378. If evidence exists which creates a genuine, reasonable doubt about the defendant's competence, the court must hold a hearing to resolve the doubt. *Id*. at 385; ***Coleman***, 912 F.2d at 1226. Furthermore, once doubt is raised, the court cannot dispel it simply by relying on contrary evidence. ***Blazak v. Ricketts***, 1 F.3d 891, 898 (9th Cir. 1993). The protections of an adversary proceeding must be afforded the defendant. *See **Eskridge v. United States***, 443 F.2d 440, 442 (10th Cir. 1971).

In this case the necessary doubt manifested in a number of ways. First, the state court had itself, just one year earlier, judged Mr. Sena incompetent. Between that time and the date upon which he entered his plea, no judicial determination was made that his mental condition had changed. Though the state court had received a report indicating Mr. Sena was "marginally competent to stand trial at this time," his competence was not determined in the crucible of a full-blown evidentiary hearing at which Mr. Sena's counsel could have subjected the report to the test of cross-examination. Furthermore, the report itself underscored the element of doubt by hedging its conclusion and recommending further treatment.

Second, the prior adjudication of incompetence in this case gives rise to a rebuttable presumption of continued incompetence.  *See Kitchens v. United States*, 272 F.2d 757, 760 (10th Cir. 1959); *Hurt v. United States*, 327 F.2d 978, 981 (8th Cir. 1964). The presumption applies in habeas corpus, *Hull v. Freeman*, 932 F.2d 159, 168 (3d Cir. 1991), but may be overcome by competent evidence.  *United States v. Clark*, 617 F.2d 180, 184 (9th Cir. 1980).

After reviewing the same record studied by the district court, we conclude it discloses ample evidence to create a substantial doubt regarding Mr. Sena's competence at the time he entered his guilty plea.  We therefore hold the district court erred in denying Mr. Sena's request for an evidentiary hearing.  Without a factual determination of Mr. Sena's competence at the time he pled guilty, there can be no resolution of the fundamental substantive due process issue he raises.

The judgment of the district court is **REVERSED** and the cause **REMANDED** for further proceedings in accordance with this opinion.