**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER JAMES WILSON,

      Petitioner - Appellant,

vs.

EDWARD L. EVANS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 97-6037
(D.C. No. 96-CV-1143)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

Mr. Wilson, appearing pro se, appeals from the denial of his habeas corpus petition, 28 U.S.C. § 2254, and seeks a certificate of probable cause, now termed a certificate of appealability, 28 U.S.C. § 2253(c). Mr. Wilson was convicted of arson and sentenced to fifty-five years imprisonment. The magistrate judge recommended denial of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

the petition, Mr. Wilson responded with four objections, and the district court adopted the magistrate's recommendation with supplementary analysis. On appeal, Mr. Wilson contends that his counsel was ineffective at trial and on appeal for failing to investigate and raise his competency to stand trial. See Aplts. Br. in Support of Certificate of Probable Cause filed Mar. 3, 1997 at 3, (5)A. He also contends that counsel was ineffective in failing to investigate prior felony convictions used to enhance his sentence. Id. at (5)B. The latter issue has been waived due to a failure to object to the magistrate's report and recommendation on that issue. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

To prevail on an ineffectiveness claim, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that he was thereby prejudiced--but for counsel's errors, there is a reasonable probability that the outcome would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). The district court rejected the ineffectiveness claim on both performance and prejudice grounds. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Competence to stand trial requires a defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). Trial of an incompetent defendant violates substantive due process, while the failure to hold a competency hearing given a genuine,

reasonable doubt about competency violates procedural due process. Cooper v. Oklahoma, 116 S. Ct. 1373, 1376 (1996); United States v. Williams, 113 F.3d 1155, 1160-61 (10th Cir. 1997); Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997). Factors indicating a competency hearing may be required include any irrational behavior, unusual trial demeanor and prior medical opinion regarding competence to stand trial. Williams, 113 F.2d at 1159.

In support of his ineffectiveness claim, Mr. Wilson relies upon various medical records tending to show (1) a history of psychological counseling in connection with prior offenses, (2) two suicide attempts, one of which occurred after the crime, but prior to trial, (3) requests for medical attention while in the county jail for chronic back pain and depression. He also contends that at the time of the crime and prior to sentencing he was on medication.

We are in agreement with the independent conclusions of both the magistrate judge and the district court that, based upon the record, there is nothing to create reasonable doubt as to Mr. Wilson's ability to consult with his lawyer in a rational manner with the requisite legal and factual understanding of the proceedings. Nothing suggests incompetency. As described in the medical records, the depression, substance abuse, and difficulty with interpersonal relations experienced by Mr. Wilson did not impair his cognitive abilities vis-a-vis his arson trial. We do not believe that a prescription drug overdose prior to trial (Mr. Wilson apparently denied it was a suicide attempt at the

time), either alone or in combination with other the factors alleged, create reasonable doubt as to his competency.  See Drope v. Missouri, 420 U.S. 162, 180 (1975).  Mr. Wilson has not cited any bizarre or questionable conduct on his part during trial, or difficulty in consulting with counsel, or a prior competency determination, that might suggest a need for counsel to investigate competency.  See Williams, 113 F.3d at 1157-59; Williamson v. Ward, 110 F.3d 1508, 1519 (10th Cir. 1997).

We GRANT Mr. Wilson a certificate of appealability on the competency issue, 28 U.S.C. § 2253(c)(2) & (3), construe his "Motion" filed Apr. 16, 1997 as a motion to supplement his brief on appeal and GRANT it, and AFFIRM the judgment of the district court.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge