**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STEVEN LEE HILL,

      Petitioner-Appellant,

v.

H.N. SCOTT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 96-6317
(D.C. No. CIV-96-611-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

Petitioner Steven Lee Hill appeals from the district court's order adopting

the magistrate judge's recommendation to dismiss his petition for a writ of habeas

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

corpus filed pursuant to 28 U.S.C. § 2254.[1] He alleges errors in his guilty plea and sentencing in an Oklahoma state court. Our review of the district court's legal conclusions is de novo; we afford a presumption of correctness to the state court's findings of fact unless not fairly supported by the record. See Sena v. New Mexico State Prison, 109 F.3d 652, 653 (10th Cir. 1997).

We have carefully considered petitioner's arguments in light of the record and the prevailing law. We affirm the dismissal of his habeas petition for substantially the same reasons as those stated in the magistrate judge's July 31, 1996 report and recommendation and the district court's August 29, 1996 order.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge

---

[1] The district court issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The Supreme Court recently held that the provisions of Chapter 153 of Title 28 of the United States Code, including § 2253(c) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), are generally not retroactive. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997), overruling the holding of Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), that § 2253(c) applied to cases pending when AEDPA was enacted. Because petitioner's case was pending on AEDPA's effective date, petitioner is not subject to AEDPA, but he is subject to § 2253's previous requirement that he obtain a certificate of probable cause, which requires virtually the same showing as a certificate of appealability. See Lennox, 87 F.3d at 434.