F I L E D
United States Court of Appeals
Tenth Circuit

NOV 12 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MONTY P. SENA,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO PRISON,
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO

      Defendants-Appellees.

No. 98-2016
(D.C. No. CIV-92-188-JC/DJS)
(District of New Mexico)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, **EBEL**, and **KELLY**, Circuit Judges.


This matter is before us for the second time following our remand in *Sena v. New Mexico State Prison*, 109 F.3d 652 (10th Cir. 1997) (*Sena I*). Because we set forth the essential facts of the case in that opinion, they will not be repeated here.

Following our mandate, the district court ordered an evidentiary hearing before a magistrate judge to determine whether Mr. Sena was legally competent at the time he

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

entered his plea of guilty in state court. After two separate hearings, the magistrate judge made proposed findings of fact and recommended Mr. Sena's 28 U.S.C. § 2254 petition be denied. The district court adopted the findings and dismissed the petition. A certificate of probable cause was denied, and Mr. Sena appealed.

We have already held in *Sena I* that the AEDPA does not apply to this case. 109 F.3d at 653. We therefore **grant** the certificate of probable cause.

The issue presented to us by Mr. Sena is whether the facts established at the evidentiary hearing demonstrated it was feasible for the district court to make a reliable determination of his competence nineteen years after entry of his plea. Posturing the appellate issue in this fashion diverts attention from the reason behind our mandate, however.

In *Sena I,* we were concerned whether the state allowed Mr. Sena to enter a guilty plea without first establishing his return to competence. We therefore remanded the matter for the district court to make inquiry into the validity of that concern. Thus, the question to be answered in the district court's proceeding was whether there was evidence Mr. Sena had been returned to competence before the state court accepted his guilty plea. Although this mandate subsumes an initial determination that evidence on the issue was available, we did not require the district court to make that specific finding.

At this juncture, then, we presume the genuine issue is whether the district court erred in finding the fact of competence and then denying habeas corpus. With our task so circumscribed, we conclude the district court did not err and we affirm its judgment.

We begin with a consideration of the standard by which we should review this case. Mr. Sena argues we should make a *de novo* determination of whether a factual inquiry into events that occurred nineteen years in the past was feasible. Assuming that is the logical first question to be resolved, we nonetheless find a paucity of evidence in the record to assist in the making of that determination.

Witnesses were produced who participated in the events surrounding the guilty plea, and they were able to testify about their recollections. A psychiatric report was presented which contained the contemporaneous findings of the medical staff which attended Mr. Sena, together with the testimony of the doctor who prepared that report. Obviously, the magistrate judge was able to make findings based upon this evidence. Those circumstances, in and of themselves, attest to the feasibility of the hearing. Indeed, there is nothing in the record to suggest to the contrary, save Mr. Sena's argument that the testimony was without credibility.

Mr. Sena would have us hold because much time has passed and the recollections of the witnesses were less than perfect, the hearing was not feasible as a matter of law. We are unpersuaded.

The argument is counterintuitive because the hearing was actually held, and a reviewable record was produced. The real question, then, is whether the findings are supported by the evidence. Indeed, that is the precise point at which Mr. Sena's feasibility argument is driving. What his feasibility contention devolves to is that the evidence is simply incredible; therefore, a constitutionally valid hearing was not made available to him.

The flaw in this argument is witness credibility is not a matter for appellate review. *United States v. Torres*, 53 F.3d 1129, 1134 (10th Cir. 1995). The magistrate judge, as finder of fact, heard the testimony and judged the witnesses. His assessment of their credibility is not subject to subsequent conjecture.

Although it can be argued the testimony of the witnesses was weak because they were not able to recall all events involved in this case, all of them were able to offer specific testimony of Mr. Sena's credibility. The only evidence to the contrary was Mr. Sena's statements that he had been on medication and had virtually no memory of the events of his plea. Despite this credibility assault on the state's evidence, applying the clearly erroneous standard of review, we believe it supports the magistrate judge's findings. *See United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998).

We distinguish between a *de novo* review of the *standard* upon which competence is measured, *Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991), and the *findings of fact* which have been applied to the standard. Here, there is no contest over the propriety

of the standard for judging competence followed in New Mexico and applied by the federal district court. The only dispute is whether the evidence supports the district court's conclusion the standard was met in this case.

During the hearings before the magistrate judge, the state judge who presided over Mr. Sena's case was asked if he had "an independent recollection" of the events surrounding the plea. He responded he knew "that every issue that was pending was discussed." He amplified that competency was one of those issues, and he recalled the contents of the report of Dr. Rapoport, the director of the state's forensic hospital, and testified about his recollection, indicating he relied upon the report for his determination Mr. Sena was competent.

The judge also related his recollection of the taking of the plea, during which he engaged in a colloquy with Mr. Sena. The judge observed Mr. Sena explained "in sufficient detail" the "facts of the incident" which gave rise to the guilty plea, admitting "he had done it." The judge added during the entire time Mr. Sena "seemed cooperative at all times" and "didn't give me any red flags that there might be anything that he didn't understand with the procedure."

The judge explained although no separate formal hearing was conducted to determine Mr. Sena's return to competence, that question was an important part of the agreed change of plea procedure. He also added, relying on Dr. Rapoport's report, he

made an implicit finding of competence, although he admittedly did not use precise language to make that ruling.[1]

Dr. Rapoport, whose testimony was presented by cross-examination, stated the forensic hospital used a team approach to its patients; therefore, the report he authored was a compilation of the professional conclusions of the entire team, including psychiatrists and psychologists. In Mr. Sena's case, he could recall no person who dissented from the conclusion expressed in the report. He stated the criteria for determining competence was "whether or not the person understands what they have been charged with, whether they understand what that means;" that the person "needs to be able to understand what their choices are, what are the possible pleas, penalties and dispositions;" and the person "need[s] to understand the functions of all of the individuals who are involved in the court." In addition, he explained, "[t]he individual needs to be able to cooperate with counsel in a rational and factual manner so as to structure a reasonable and factual defense."[2]

---

[1]From the testimony of the judge, prosecutor, and defense counsel, it appears the entire change of plea process had been bargained for by both sides and agreed upon by the court in camera, and what occurred in court was a summary proceeding to effect the bargain. In this context, then, it is understandable that the state judge's rulings were less formal than they would have been if the issue of competence had been challenged.

[2]Mr. Sena does not challenge this definition of the constitutional standard of competence, and it comports with our understanding of the subject. *Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991) *(citing **Dusky v. United States**, 362 U.S. 402 (1960)).*

With that background, Dr. Rapoport stated the report relied upon by the state judge was a clinical conclusion that Mr. Sena was competent before he entered his plea. He further explained that portion of the report this court characterized in *Sena I* as having "hedged" the conclusion. He noted Mr. Sena had been responding positively to treatment of his mental illness, and "what we had in mind here was an extended period of treatment" that would further benefit Mr. Sena's underlying psychiatric problems. Moreover, Dr. Rapoport stated those problems were not inexorably tied to Mr. Sena's legal competence.

We believe these facts meaningfully establish Mr. Sena was indeed competent when he entered his plea. *See Moran v. Godinez*, 40 F.3d 1567, 1572-73 (9th Cir. 1994). Our prior reservations have been assuaged, and we conclude the judgment of the district court should be **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge