**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES EDWARD CLAYTON,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA; LARRY
FIELDS, Director, Oklahoma
Department of Corrections,

      Respondents-Appellees.

No. 98-7105
(D.C. No. CIV-96-195-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO, McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining petitioner's briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Petitioner requests that we grant him a certificate of appealability so he may appeal the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  The district court determined that petitioner filed his habeas petition in federal court before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.1214 (1996).  [1]  Therefore, AEDPA's amendments to the habeas corpus statutes do not apply to this case.  *See Demarest v. Price*, 130 F.3d 922, 926 (10th Cir. 1997).  Accordingly, we will apply the pre-AEDPA habeas corpus provisions to this appeal, and we will construe petitioner's request for a certificate of appealability as a request for a certificate of probable cause.  *See Neely v. Newton*, 149 F.3d 1074, 1077 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 877 (1999).  To obtain a certificate of probable cause, petitioner must make a "substantial showing of the denial of [a] federal right."  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation omitted and alteration in original).  We grant

---

[1]  The magistrate judge found that, based on the date the court clerk received petitioner's filings, AEDPA should not apply to his habeas petition.  The government did not file an objection to this portion of the magistrate's report and recommendation, nor did it present any evidence to refute petitioner's evidence that he gave the habeas petition to prison authorities on April 16, 1996 to be sent to the clerk via certified mail, and that the clerk received the petition on April 19.

the certificate of probable cause, affirm in part, reverse in part, and remand to the district court for further proceedings.

In June 1983, petitioner, acting pro se, entered a "blind plea" of guilty in Oklahoma state court to all the charges against him, which consisted of second degree murder, robbery with firearms, larceny of a motor vehicle, attempted larceny of a motor vehicle, and four counts of possession of controlled dangerous drugs, all after former conviction of two felonies. Several days later, petitioner sought to withdraw his guilty plea on several grounds, including that he was not competent to enter the plea. The trial court appointed counsel to represent petitioner and ordered that his mental status be evaluated. The court subsequently held an evidentiary hearing, after which it denied the motion to withdraw the plea. Petitioner appealed, challenging the validity of his plea on three grounds, including that he was not competent to enter the plea because he had a mental impairment and he was under the influence of drugs at the time of the plea. The Oklahoma Court of Criminal Appeals (OCCA) rejected his arguments and affirmed his convictions.

Thereafter, petitioner filed a motion for post-conviction relief in which he raised several new challenges to the validity of his plea and to the propriety of his sentence and he asserted a claim for ineffective assistance of appellate counsel for failing to raise these additional issues on direct appeal. The trial court denied his

post-conviction application, and the OCCA affirmed.  The OCCA first concluded that petitioner had waived any claims of ineffective assistance of trial counsel by failing to raise them on direct appeal, where he was represented by different counsel.  The court then considered petitioner's claim that his appellate counsel had provided ineffective assistance, and rejected that claim on the merits.  Finally, the court agreed with the trial court that petitioner had not raised any issue in his post-conviction application that was not raised on appeal or could not have been raised on appeal and, therefore, he was not entitled to relief.

Petitioner then filed the federal habeas petition at issue here, in which he raised the following nine claims:  1) he was denied due process and equal protection when the same judge conducted the preliminary hearing and the trial without the express consent of the parties, as required by Oklahoma statute; 2) the trial court abused its discretion at the sentencing hearing when it erroneously concluded that it had no ability to make petitioner's sentences begin to run immediately upon imposition, rather than at the conclusion of other sentences he was already serving; 3) his guilty pleas to Counts 2 and 5-8 were not voluntary, knowing, or intelligent because a) he was not aware of the possible penalties for these convictions, and b) he was not advised of the full consequences of his plea by either an attorney or the court; 4) his convictions on Counts 2-3 and 5-8 violated double jeopardy; 5) he was denied his Sixth Amendment right to

conflict-free trial counsel; 6) the trial court was without jurisdiction to sentence him to enhanced penalties because the prosecution failed to serve and file the second page of the criminal information; 7) his guilty pleas were not voluntary, knowing or intelligent because a) he suffered from a mental impairment that affected his ability to understand or cooperate with counsel and b) he was under the influence of drugs at the time of the plea and had been for several days before; 8) his waiver of counsel was not voluntary, knowing or intelligent because a) he did not make a knowing, voluntary, or intelligent waiver on the record, b) he was faced with a Hobson's choice of proceeding with unprepared counsel or with no counsel at all, c) he was not allowed to personally make his defenses, and d) he was deprived of counsel at critical stages of the proceedings; and 9) appellate counsel provided constitutionally ineffective assistance by failing to raise claims #1-6 and #8, above. The state conceded that petitioner had exhausted his state court remedies on all the issues raised in his federal petition, but it contended he had procedurally defaulted all of them except claim #7 by failing to raise them on direct appeal to the OCCA.

The magistrate judge concluded that petitioner had procedurally defaulted all his claims except the seventh one, and that petitioner had not made a sufficient showing of either cause and prejudice or a fundamental miscarriage of justice to excuse the state procedural bar. As to the seventh claim, concerning petitioner's

-5-

competency, the magistrate judge concluded that the state record established petitioner was competent to enter the guilty plea. Therefore, the magistrate judge recommended that the habeas petition be denied. The district court summarily adopted the magistrate judge's report and recommendation and denied habeas relief on all claims.

"Our scope of review in federal habeas proceedings is limited; we may grant habeas relief to a state prisoner only if state court error deprived him of fundamental rights guaranteed by the Constitution of the United States. Because this case was filed before the enactment of the AEDPA, we apply pre-amendment standards of review." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.) (quotation omitted), *cert. denied*, 119 S. Ct. 378 (1998). Prior to its amendment by AEDPA, 28 U.S.C. § 2254(d) provided that "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction . . . shall be presumed to be correct," unless one of the eight enumerated circumstances in the statute is established. The Supreme Court has held that "basic, primary, or historical facts are the factual issue[s] to which the statutory presumption of correctness dominantly relates." *Thompson v. Keohane*, 516 U.S. 99, 110 (1995) (quotations omitted and alteration in original). "[T]he proper characterization of a question as one of fact is sometimes slippery," however, and "[i]n several cases, the Court has classified as 'factual issues' within § 2254(d)'s

compass questions extending beyond the determination of 'what happened.'" *Id.* at 110-11. Among other issues the Court has classified as factual is whether a defendant was competent to stand trial. *See id.* at 111. "On the other hand, the Court has ranked as issues of law for § 2254(d) purposes: . . . the effectiveness of counsel's assistance; and the potential conflict of interest arising out of an attorney's representation of multiple defendants." *Id.* (citations omitted).

Before considering whether the district court properly barred most of petitioner's claims, we will first consider the one claim that was not barred: that petitioner was not competent to plead guilty because of a mental impairment that affected his ability to understand the proceedings and to communicate with stand-by counsel and/or because he was under the influence of drugs. "Enforcement of a conviction based on a plea of an incompetent person is a denial of due process." *Sena v. New Mexico State Prison*, 109 F.3d 652, 655 (10th Cir. 1997). "The standard for determining competency to enter a guilty plea is the same as that required to determine competence to stand trial." *Miles v. Dorsey*, 61 F.3d 1459, 1472 n.12 (10th Cir. 1995).

> [T]he standard for competence to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense.

*Id.* at 1472 (quotations omitted and alteration in original).

"In a federal habeas proceeding stemming from a state court conviction, the burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea." *Id.* The state court held an evidentiary hearing on petitioner's competency claims and found that petitioner was competent to enter the plea. We must give a presumption of correctness to this finding, and petitioner's allegations are not sufficient to overcome that presumption. The record before us supports the state court's determination that petitioner was competent to enter the guilty plea. Therefore, the district court properly denied habeas relief on this claim.

We turn, then, to the remainder of petitioner's claims, which the district court determined were procedurally barred from habeas review. Under Oklahoma law, "[m]atters which have or could have been raised on direct appeal but were not will not be considered in post-conviction proceedings." *Fisher v. State*, 845 P.2d 1272, 1274 (Okla. Crim. App. 1992). A review of the OCCA's decision affirming the denial of post-conviction relief demonstrates that the OCCA applied this rationale in rejecting petitioner's claims. When

> a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule,
> federal habeas review of the claims is barred unless the prisoner can
> demonstrate cause for the default and actual prejudice as a result of
> the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"A habeas petitioner may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *Banks v. Reynolds*, 54 F.3d 1508, 1514 (10th Cir. 1995). Petitioner contends that his appellate counsel provided constitutionally ineffective assistance of counsel by neglecting to raise on direct appeal most of the claims mentioned above. "[A] claim of ineffective counsel is a mixed question of fact and law, which a federal habeas court reviews de novo[.]" *Williamson v. Ward*, 110 F.3d 1508, 1513 (10th Cir. 1997) (citation omitted).

> To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. Counsel's performance is deficient if the representation falls below an objective standard of reasonableness. Prejudice is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citation and quotations omitted). "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *Id.* (citation and quotation omitted). "However, an appellate advocate may deliver

deficient performance and prejudice a defendant by omitting a dead-bang winner, even though counsel may have presented strong but unsuccessful claims on appeal." *Banks*, 54 F.3d at 1515 (citations and quotations omitted).

The government did not analyze the merits of the omitted claims in its briefs before the district court and the district court did not analyze the merits of those claims in its resolution of petitioner's habeas petition. Even if we were inclined to analyze the merits of the omitted claims in the first instance on appeal, the record before us is not sufficient to do so, particularly with respect to petitioner's Sixth Amendment claims.

The record shows that in December 1982, petitioner and his wife were arraigned on charges stemming from a robbery that resulted in the death of a woman who was struck by petitioner's automobile as he was attempting to elude police. Roger Hilfiger was appointed to represent both petitioner and his wife. Several days after the preliminary hearing, petitioner filed a motion to dismiss Mr. Hilfiger as his counsel and to proceed pro se. Petitioner contended that Mr. Hilfiger was not acting in his best interest, that he was conspiring with the prosecutor and others, and that he was not handling the case in a competent manner. Petitioner stated that "the defendant is without counsel's assistance -- anyway -- so waiving counsel certainly will make no differen[ce]." R. Vol. I, Doc. 28, attached "Motion for Hearing and to Dismiss Counsel and/or Motion to

Proceed Pro Se." Petitioner requested that the court hold a hearing and make a record concerning both the adequacy of Mr. Hilfiger's representation and petitioner's decision to proceed pro se. The trial court's docket sheet shows that it held a hearing on February 23, but the record before us does not contain a transcript of this hearing. The trial court's docket sheet reflects that the court overruled petitioner's motion for a continuance, took evidence, and then discharged Mr. Hilfiger as attorney for petitioner. Mr. Hilfiger remained as counsel for petitioner's wife.

In March 1983, petitioner filed another motion in which he contended he was being hindered in his efforts to prepare his defense, especially because he was not able to interview any witnesses. He asked that the court either issue orders that would assist him in preparing his defense -- such as permitting him to stay at the county jail, giving him adequate access to the law library, giving him the ability to subpoena witnesses, permitting him to use the telephone to talk to witnesses, and allowing him to interview witnesses at the jail -- or else terminate his pro se representation. On May 27, the trial court held a hearing on this and a variety of other motions filed by petitioner and by his wife. Once again, the record before us does not contain a transcript of this hearing. The court's docket sheet reflects that at petitioner's request, Leslie Brown was appointed as stand-by counsel to assist him in preparing and trying the case. The docket sheet also

-11-

reflects that the court granted petitioner's motion to interview witnesses at the jail to the extent they were willing to go there, and that all other witnesses were to be interviewed by Mr. Brown. Mr. Brown later testified that although petitioner gave him names of witnesses he thought should be interviewed, Mr. Brown did not interview any witnesses, nor did he subpoena any witnesses for trial.

On June 17, 1983, the case came on for trial. Petitioner appeared pro se with Mr. Brown as stand-by counsel, and petitioner's wife appeared with Mr. Hilfiger. Petitioner contends he was unprepared to proceed and he asked the court for a continuance, which the court denied. After the jury was empaneled, the court recessed for the weekend. The following Monday, petitioner pleaded guilty to all the charges, waived a pre-sentence report, and was sentenced to two life sentences and six twenty-year sentences, all to be served concurrently. Several days later petitioner moved to withdraw his guilty plea. The record on appeal does not contain a copy of that motion, but it does contain a transcript of the hearing on the motion. One of the grounds petitioner asserted for withdrawing his plea apparently was that he had not received effective assistance of counsel.

In this habeas action, petitioner contends that Mr. Hilfiger did not provide effective assistance of counsel and that he had a conflict of interest because he was also representing petitioner's wife. Petitioner further alleges that he was

faced with a choice of either proceeding with constitutionally inadequate counsel or proceeding pro se, and, therefore, that his decision to proceed pro se was not truly voluntary. Petitioner also contends that after Mr. Hilfiger withdrew, he was impeded in his efforts to prepare his defense, and that his stand-by counsel, Mr. Brown, did not provide any assistance. At the hearing on the motion to withdraw the guilty plea, petitioner told the court that the reason he asked to have Mr. Hilfiger dismissed was because he was unprepared, that Mr. Brown later came in and did not provide any assistance either, and that petitioner was left with no means to prepare and defend his case, which meant "[t]here was no way to go to trial." R. Vol. II, at 156. Thus, petitioner maintains, the violations of his Sixth Amendment rights forced him to plead guilty to the charges rather than proceed to trial.

Petitioner's claims implicate various aspects of his Sixth Amendment rights, including his right to effective assistance of trial counsel, his right to representation that is free from conflicts of interest, and his right to waive the assistance of counsel and proceed pro se. Petitioner has made specific allegations about the alleged violations of his Sixth Amendment rights, but the record before us is not sufficient to determine either the truth of those allegations or whether any violation of petitioner's Sixth Amendment rights was so clear that appellate

counsel's failure to raise it on direct appeal constituted ineffective assistance of counsel.

We must remand the action to the district court so it can secure the parts of the state court record necessary to analyze the merits of the issues that were omitted from the direct appeal and determine whether petitioner has a valid claim for ineffective assistance of appellate counsel sufficient to establish cause and prejudice for his procedural default. The court may also consider whether an evidentiary hearing is necessary to properly evaluate any of petitioner's claims. Finally, in accordance with our recent opinions in *Hooks v. Ward*, 184 F.3d 1206, 1216-17 (10th Cir. 1999), and *Smallwood v. Gibson*, No. 98-6397, 1999 WL 704274, at *5 (10th Cir. Sept. 10, 1999) (to be reported at 191 F.3d 1257), the court should also consider whether Oklahoma's application of its procedural bar to petitioner's claim for ineffective assistance of trial counsel constitutes an adequate state ground.

Petitioner's application for a certificate of appealability is construed as an application for a certificate of probable cause and is GRANTED. The judgment of the United States District Court for the Eastern District of Oklahoma is

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order and judgment.

The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge