73,015-14

INMATE UNSWORN DECLARATION

My name is Willie Henry, III and I am incarcerated in the Wynne Unit

810 Fm 2821 Huntsville, Texas, 77349. My Tdc# is 1550834. I am over the age

of 18 years old and I am competent to give this statement. I have personal

knowledge that every statement contained herein (affidavit, motions) are

true and correct. And that the documents included are true and correct

copies.

**MOTION DENIED**
**DATE: 3-25-15**
**BY**

The motions filed are not for delay nor to waste resources but are

serious and meritorious grounds for which I have no other remedy. On Aug-

ust 27,2007, I entered a no contest plea to aggravated assault. However,

I was never notified about the element of serious bodily injury. I entered

the plea agreement under misleading advice of trial counsel.

1. Counsel told me that aggravted assault was a lesser included offense to
   the grand jury's charge of sex assault. (P.C. 22.011(C))
2. Counsel told me that I could not have a jury trial on the original off-
   ense of sex assault because I ran out of money.
3. Counsel told me that I was not allowed to have any witnesses in my favor.
4. I was never made aware of the re-indictment which the docket sheet shows
   as being done on September, 2006.
5. Counsel failed to inform me that the case was set for trial on 8-27-2007.
   I only found out the weekend before that Monday through a phone call from
   my bond company.
6. Counsel failed to do any investigation of witnesses or victim.
7. I made it known to the trial court that I wanted a jury trial but was
   coerced into a plea because I ran out of money to pay lawyer.
8. I am innocent of the offense as pleaded to and also, grand jury offense
   as alleged in indictments. I was never informed of my right to be tried
   on offenses only alleged by a grand jury screening of charges.
9. Had I been informed of all of these facts and rights, I never would have
   entered the plea.


I Willie Henry, III, do declare under the penalty of perjury that

every statement is true and correct and that I have reviewed each statement

contained in the motion and affidavit. I ask this court to accept this

unsworn inmate declaration in place of a notorized affidavit.

_____
Pro Se

_____
Date
3-9-15

NO._____

| | | |
|---|---|---|
| WILLIE HENRY,III | § | IN THE COURT OF |
| PETITIONER | § | CRIMINAL APPEALS |
| V. | § | AUSTIN,TEXAS |
| STATE OF TEXAS | § | |
| | § | |

**MOTION TO RESET TIME TO FILE MOTION FOR NEW TRIAL**

**To Honorable Judge(s) OF SAID COURT:**

I, Willie Henry,III, comes filing pro se, this motion to reset the time to file a motion for new trial and to have this Honorable Court to order a hearing in the trial court in order to determine during that evidentiary hearing if the motion for a new trial should be granted.

I.

This motion comes from trial court no. 98575, in the 252nd District Court of Jefferson County, Texas. The 9th court of Appeals, Jefferson county affirmed the conviction in (09-09-0002 9-CR) I just recently sent a motion to the 9th COA asking that the appeal be abated but was told that since there was no appeal pending, that no action would be taken. (Exhibit ____)

II.

Pro se petitioner, therefore presents to this Court the following requests:

1.That this Honorable Court apply rule 2 of the TX. Rules of Appellate Proc., which allows the suspension of rules of operation for "good Cause" in a particular case, and order a different procedure; as long as it does not suspend a provision

M-1

in the Code of Criminal Procedure, or to alter the time to perfect an appeal in a 'Civil' case. **Oldham v. St., 898 sw2d 461; 5 sw3d 840**

## II.

Good cause exists as exception to time limitation for filing of motion for new trial where defendant is without counsel during critical stage of prosecution, such as in this present case. Counsel was needed in order to file the motion for new trial after the adjudication of guilt on the offense of aggravated assault causing serious bodily injury. The date of adjudication was January 12, 2009. The motion for new trial was then due within 30 days. February 11, 2009.

Mr. Kevin Laine, who had been retained during the revocation proceedings did not remain as the attorney. He drew up the notice of appeal and mailed that form to me, which I then signed dated, and forwarded to the clerk of the court. As shown by the docket sheet (ex ___ ), the court appointed Mr. Doug Barlow as appeal attorney on January 26, 2009. Mr. Barlow had until the 11th, day of February to file the motion for new trial, but fail -ed to do so. In fact, he failed to perform any of his duties listed under the Tx. C.C.P. art. 26.04 (j)(1,2). Because he neve contacted me by any means, there has been great prejudice to me. Substantive Due process violation has transpired because I had no counsel to present the claims of ineffective assistance of counsel and the involuntary plea to the aggravated assault of -fense.

The plea was involuntary due to the IAC and there was need to develop the record for an appeal; and that could only be done

M-2

through a hearing on a motion for new trial. There was not any time before the plea hearing, that the element of serious bodily injury revealed to me by anyone. It was only added at the plea hearing to an indictment which I had no knowledge of. The grand jury indictment that I knew about contained no allegation of violence or injury. (Cause no. 86400) Nor was the legally defined term included in the plea papers which I was made to sign before the hearing.

Trial counsel, Mr. Samuel, also gave me incorrect information that aggravated assault was a lesser-included offense of sexual assault as alleged by the grand jury. But most importantly, he told me that I had to come up with more money immediately if I wanted to exercise my right to a jury trial which I certainly requested. My waivers to jury trial and the other Constitutional Rights were involuntary and **the record reflects that the trial court was aware of that fact.** (Reporter's Record Vol. 5, p. 14;PSI)

These issues should have been brought up in the motion for new trial phase and were not because counsel which had been appointed to represent me never at any time made contact with me to discuss what happened. He was then replaced when my family poole their resources together and retained Mr. Hugh O'Fiel. Mr. Doug Barlow was replaced on February 17,2009. After the time to file a motion for new trial had expired.

**"Where defendant was deprived of counsel during period in which motion for new trial was required to be filed, mandate would iss -ue disposing of appeal so that defendant could file motion for new trial." Rule 31(a); Cox v. St., 797 sw2d 958**

III.

It will be shown that during this critical stage of being

M-3

able to file the motion for new trial, I was without the Constitutionally guaranteed assistance of counsel in order to file the motion within the 30 days which is required under the rules of appellate procedure. (**Procedural and Substantive requirements are found in the TX. Rules of App. Proc. § 21.1 - 21.9**)

IV.

The 9th COA found that in appeal no 09-09-00029-CR, that the issues raised by counsel on appeal were not cognizable on an appeal from a plea bargain case and they did not have the jurisdiction to consider the IAC claims which were raised by the counsel on appeal. It must be stated that Mr. O'Fiel, appeal counsel never contacted me nor responded to my letters either. The Honorable Court of Appeals affirmed the conviction on the appeal, but I strongly believe that the appeal should have been dismissed and not affirmed, when the court found that the issues could not be presented on appeal. **See: Phynes v. St., 828 sw2d 1,2; C.C.P.art § 42.12 et seq**

V.

In support of this motion, I have included affidavits and the docket sheets from the trial court: as well as a short brief

VI.

I, Willie Henry, III, **Prays,** that this Honorable Court would consider and grant this motion to apply Rule 2, and without overturning the trial court's conviction, remand to the trial court for an evidentiary hearing, so that I can file a motion for new trial and to have counsel appointed during a hearing on the said motion.

M-4

RESPECTFULLY SUBMITTED,

WILLIE HENRY,III
        PRO SE

_Willie Henry III_

_3-17-15_
      Date


TDC# 1550834
Wynne Unit
810 FM 2821
Huntsville, TX. 77349

M-5

# Identity of Parties

## State

Mr. Perry Thomas
SBOT No: 19849120
Asst. District Attorney
1001 Pearl St.
Beaumont, Tx. 77701

## Defense

Mr. Audwin Samuel - Trial
SBOT No: 00791595
505 Milam
Beaumont, Tx. 77701

Mr. Kevin Laine - Revocation
SBOT No: 00798313
1104 Orleans Street
Beaumont, Tx. 77701

Mr. Hugh O'fiel - Appeal
SBOT No:
2345 Calder Ave.
Beaumont, Tx. 77702

## PETITIONER"S BRIEF IN SUPPORT OF MOTION

On August 27, 2007, petitioner entered a plea to aggravated assault pursuant to a plea bargain. The Grand Jury originally indicted him with the offense of sexual assault § 22.011(E) (Indicted in July term 2005;No.86400) It was in his knowledge that this was the only indictment in existance. However, the docket sheet shows that a re-indictment was issued in September, 2006. Petitioner had no knowledge of a reindictment because he had never been brought to court and arrainoned on the new indictment. This court will find that petitioner never signed the resetting from the indictment being reissued under cause no. 98575.

On January 12, 2009, the trial court revoked the deferred adjudication and adjudicated guilt on the offense of aggravated assault causing serious bodily injury. He was sentenced to 18 years confinement in the TDCJ Inst. Division.

## STATEMENT OF FACTS

Mr. Audwin Samuel was the trial attorney in the case. He was hired in Sept. ,2005, to represent Henry in cause no. 86400. Mr. Samuel was given a list of witnesses and their phone and address numbers. He **never** contacted any of them nor interviewed the alleged victim. In Sept. 2006, the reindictment was issued under cause no. 98575, but Mr. Samuel never informed him, nor was he ever arraigned on the new charge.

After the court adjudicated guilt, Henry's attorney for revocation, Mr. Kevin Laine, mailed Henry the notice of appeal to sign and forward to the clerk. (January 22,2009) The trial court then appointed Mr. Doug Barlow for the appeal. Mr. Barlow never made any contact with Henry. (Appointed on Jan. 26th and released on Feb. 17th, 2009) The Feb. 17,2009 date was about six (6) days later than the motion for new trial needed to be filed. Henry, was without any assistance of counsel during the 30 day period in which to file the much needed Motion for New trial.This was a critical stage of proceedings. In **Cox v. St., 797 sw2d 958,** the court held that **"where defendant was deprived of counsel during the period in which motion for new trial was required to be filed, mandate would issue disposing of appeal so that defendant could file motion for new trial." Rule 2; Rule 31(a) R.App. Proc.**

The Tx. R. App.Proc. 21.1 - 21.9 implicate procedural and substantive due process rights. In this case, defendant's substantive right to due process has been violated. **See; Sena v. New Mexico St. Prison, 109 F.3d 652**

The trial court accepted an involuntary plea and committed a fundamentally unfair act in doing so. As in this present case, the trial court accepted a plea which it knew or should have known was involuntary, and then because of IAC at the time to file the motion for new trial, Henry, has been unable to have any meaningful review or hearing on the issue. **See; Massingil v. St., 8 sw3d 733 "In order to obtain meaningful appeal, sometimes a defendant must prepare, file, present, and obtain a hearing on a motion for new trial; it is unreasonable to require him to do this without assistance."**

Henry, filed pro se, habeas corpus 11.07, and earnestly attempted to state claims in the only way he knew how, but since he is not an attorney nor did he have assistance of counsel, the writ was denied. These were issues claimed by Henry on the writ application but obviously, He had no clue as to how to do a writ application or memorandum. Without counsel, the process was in vain and falwed. When it is the State's process to bring IAC claims to review without assistance of counsel denies meaningful review, the State has to bear responsibilititv. **Martinez v. Ryan, 132 S.CT. 1309; Trevino v. Thaler, 133 S.CT. 1911**

Herein, it is contended that he was without effective assistance of counsel at the plea bargain phase, the appeal phase, and the motion for new trial phase. These are all critical phases in which there was IAC or no Counsel and thus the violation of substantive due process rights. As a result, he has been left with **no adequate remedy**, except to ask this court to apply Rule 2 of the Rules of App. Proc. and to remand to the trial court for a hearing to determine if a new trial is warranted. It has always been Henry's desire to file claims of IAC during the plea bargain phase and present the claim that the plea of no contest was entered involuntarily due to IAC.

## DENIED COUNSEL AT CRITICAL STAGE

After review, this Honorable Court will see that Petitioner did not delay in presenting his claims of IAC nor was there delay in presenting the involuntary plea claim. Petitioner's wife, mother, sister, and niece pooled resources together to hire Mr. O'Fiel as appeal attorney after the revocation and he filed an appeal in the 9th COA (09-09-00029-CR). However, he never contacted Henry to find out what went on and get an accurate picture. He need-ed to develop the record to file an appeal. Counsel was also ineffective by filing on appeal, issues which were not appealable. **C.C.P.art.42.12 et seq; phynes v. St., 828 sw2d 1,2; Donovan v. ST., 68 sw3d 633.** Voluntariness

of a plea may be raised by a motion for new trial and habeas corpus for relief of adjudication but **not on appeal.**

Due to appointed counsel, Mr. Barlow's failure to carry out his duties under C.C.P. § 26.04(j)(1,2) which states that an attorney is expected to make every reasonable effort to contact the defendant **not later** than the first working day after the date on which the attorney is appointed, and represent the defendant...until aquitted... or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record.

The Docket sheet will reflect that the date of adjudication was 1-12-09, which gave until c. 2-11-09, to file a motion for new trial. Mr. Barlow was appointed on 1-26-09 and not released until 2-17-09 at which time the time to file the motion for new trial had expired with no assistance of counsel during that critical phase.

This honorable court of criminal appeals has the power to remand so that a motion for new trial can be filed as an out of time motion. And has the power to order an evidentiary hearing. (Full and Fair Hearing)

**Caldwell v. Thaler, 770 F. Supp. 2d 849"The 14th Amendment to the due process clause of the United States Constitution guarantees a criminal appellant the right to counsel in his first appeal of right."** In the case of Henry, he has been denied that right guaranteed by the U.S. Constitution. Further, he has been subjected to 18 years, (9½ served) for a crime which never took place, since there was no serious bodily injury, pursuant to an involuntary plea. The DA's records will show that the alleged victim never made a claim as to injury nor sexual encounter being of an assaultive nature by physical force. A hearing must be ordered in order to prove the claims.

### PRAYER

Petitioner prays that after consideration and liberal interpretation of the motion and brief, along with the documents presented: that this Court will suspend rules under Rule 2 and remand for a hearing in the trial court. He also prays that the appeal is dismissed and not affirmed(09-09-00029-CR). If remanded that counsel is appointed because he is indigent and only receives about $20 per month, and that a bench warrant is issued so that he can be present at the hearing.

REspectfully Submitted,

*Willie Henry III* (signature)
Pro Se

3-17-15
Date


## Declaration

I Willie Henry, III, do declare under the penalty of perjury that I have personal knowledge that every statement contained herein are true and that all documents submitted are true and correct copies of the originals. All other documents such as relevant transcripts have been previously presented and I have no other copies available.

*Willie Henry III* (signature)
Pro Se

3-17-15
Date


## Certificate of Service

I Willie Henry III, can not certify that he has sent a copy to the District Attorney's Office of Jefferson County , Texas, because he has no possible way to make copies. I respectfully ask that the clerk provide a copy to the District Attorney's Office on my behalf at the following:

1001 Pearl St.
Beaumont, Texas 77701

*Willie Henry III* (signature)
Pro SE

_____
Date

(X) 252ND ( )CRIMINAL ( )DRUG 3 ( )RUG 4

## DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s) 9857 State vs. Willie Henry III

Date: 9-11-06

( ) Designation of Attorney

( ) Arraignment/Announcement

( ) Hearing of Pre-Trial Motions

( ) Plea or Disposition

(X) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

_____
**Defendant**

*A Samuel*
_____
**Attorney of Record** ( )Apptd ( )Hired

_____
**Print Name**

_____ 1A _____
**Prosecutor** (1) (2) (3)

---

## NOTICE OF RESETTING

THIS CASE IS RESET UNTIL Sept 18 20 06 @ 1:30 AM /PM

( ) not reached/continued from _____ Trial Docket

COURT NOTES; re-indictment from 86400

T 9/18

_____
**Court Official**

7

(X) 252ND ( )CRIMINAL ( )DRUG 3 ( )DRUG 4

## DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s) _98575_ State vs. _Willie Henry_

Date: _6-7-07_

( ) Designation of Attorney

( ) Arraignment/Announcement

(X) Hearing of Pre-Trial Motions

( ) Plea or Disposition

( ) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

_____
Defendant

_Auawin Samuel_
Attorney of Record ( )Apptd ( )Hired

_____
Print Name

_____ 1A
Prosecutor (1) (2) (3)

---

## NOTICE OF RESETTING

THIS CASE IS RESET UNTIL _June 18_ 20_07_ @ _9:30_ (AM) PM

( ) not reached/continued from _____ Trial Docket

COURT NOTES:

_Motion to withdraw_

_Trial date 8-27-07_

_____
Court Official

6/25/07

(X) 252ND    ( )CRIMINAL    ( )DRUG 3    ( )DRUG 4

## DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s) _98575_    State vs. _Willie Henry_

Date: _6-25-07_

( ) Designation of Attorney

( ) Arraignment/Announcement

( ) Hearing of Pre-Trial Motions

( ) Plea or Disposition

(X) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

_____
Defendant

_Arowin Samuel_
Attorney of Record   ( )Apptd ( )Hired

_____
Print Name

_____ 1A _____
Prosecutor (1) (2) (3)

---

## NOTICE OF RESETTING

THIS CASE IS RESET UNTIL ___Aug 27___ 20_07_ @ __1:00__ AM/**PM**

( ) not reached/continued from ___6-25-07___ Trial Docket

COURT NOTES:

_____
Court Official

# DOCKET—CRIMINAL DISTRICT COURT

OUT OF COUNTY BOND 20,000

BONDSMEN:

| NUMBER | DATE OF FILING | | | PARTIES | ATTORNEYS | OFFENSE | | VOL. | PAGE |
|--------|------|-----|------|---------|-----------|---------|---|------|------|
| | Month | Day | Year | | | | | | |
| 98575 | 09 | 07 | 06 | THE STATE OF TEXAS | | | | | |
| | | | | VS. | | | | | |
| | | | | WILLIE HENRY III | BMB | SEXUAL ASSAULT REINDICTED FROM #86400 | | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|------|-----|------|-----------------|
| Month | Day | Year | |
| 9 | 28 | 05 | Austin Samuel Ward |
| 8 | 27 | 07 | The Defendant (no contest) waived jury and pleads (guilty) _Carla Martinez_ before the Court. The Court, after hearing the evidence, finds that it substantiates the defendant's guilt. All further proceedings are deferred until guilt. A pre-sentence report is ordered by the probation department by 10-1-07 |
| 10 | 1 | 07 | Court deferred all further proceedings in accordance with Article 42.12 C.C.P. Section 3d without entering an adjudication of guilt. Defendant is placed on Community Supervision for a term of 5 yrs years. Court assessed a fine of $750.00 |

Willie Glenn III vs. No. 98575

| DATE OF ORDERS | | | ORDERS OF COURT—(Continued) | VOL. | PAGE |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| 7 | 31 | 08 | Court order entered regarding alleged probation violation. The District Attorney is to immediately file a Motion to Revoke Probation in this case. A capias has been issued. The bond in this case is set at _____ | | |
| | | | WARRANT ISSUED Warrant issued | | |
| 4 | 7 | 08 | Kevin Cline is (appt., retained) as attorney. Copy of indictment sent to attorney with reset. | | |
| 11 | 19 | 08 | | | |
| 12 | 8 | 08 | Hearing held on States MTRP. Defendant plead true to count _____ Court found count _____ to be true | | |
| 1 | 6 | 09 | Defendant found guilty by the Court. The Court assessed the defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of _____ years. Defendant duly sentenced to _____ years confinement in the Institutional Division of the Texas Department of Criminal Justice. | | |
| | | | Received from the Clerk of the Court Commitment papers, on _____ date. G. MITCH WOODS, Sheriff _____, Deputy | | |
| | | | COMMITTED | | |
| | | | SCANNED | | |
| 12 | 16 | 09 | Notice of appeal filed. Doug Barlow appt. | | |
| 1 | 28 | 09 | Order denying Appo'd Bond filed. | | |

# DOCKET—CRIMINAL DISTRICT COURT

6

**BONDSMEN:** _____

| NUMBER | DATE OF FILING | | | PARTIES | ATTORNEYS | OFFENSE |
|---|---|---|---|---|---|---|
| | Month | Day | Year | | | |
| 98575 | 09 | 07 | 06 | THE STATE OF TEXAS vs. Willie Henry III. | Sexual Assault - Re-indicted | Arson # 8640D |

| DATE OF ORDERS | | | ORDERS OF COURT | VOL. | PAGE |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| 2 | 12 | 09 | Letter of representation filed from Hugh O'Neil | | |
| 2 | 17 | 09 | Order relieving Douglas Barlow Atty; Hugh O'Neil hired. | | |