**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MICHAEL EDWARD WEBB,

   Petitioner-Appellant,

v.

EDWARD L. EVANS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

   Respondents-Appellees.

No. 96-6257
(D.C. No. 95-CV-882

)

(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

  Michael Edward Webb, an Oklahoma state prisoner proceeding pro se and

in forma pauperis, appeals an order denying his 28 U.S.C. § 2254 petition for a

writ of habeas corpus. We issue a certificate of appealability, see 28 U.S.C.

---

[*]   This case is unanimously ordered submitted without oral argument pursuant
to the applicable rules. This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of
10th Cir. R. 36.3.

§ 2253(c),[1] reverse the order of the district court, and remand for further proceedings.

Mr. Webb's habeas petition alleges that the state trial court violated his right to due process by accepting his guilty pleas without ordering an evidentiary hearing on his mental competency.[2] Based solely on the record, the district court denied relief on the ground that Mr. Webb's failure to comply with Oklahoma procedural prerequisites for a direct appeal procedurally barred his claim.

We conduct an independent review of the court's factual findings made from that court's review of the state court record, see Cunningham v. Diesslin, 92 F.3d 1054, 1062 n.6 (10th Cir. 1996), and review the court's legal conclusions de novo, see Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), petition for cert. filed, (U.S. Mar. 7, 1997) (No. 96-8134). We construe a pro se litigant's pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is undisputed that Mr. Webb failed to file a timely direct appeal and that the state district court and court of criminal appeals denied his requests for

---

[1]    A habeas petitioner is entitled to a certificate of appealability upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Webb has met this standard.

[2]    Mr. Webb pled guilty to trafficking in illegal drugs, possession of a sawed-off shotgun, possession of a controlled dangerous substance with intent to distribute, possession of a firearm while committing a felony, and possession of a firearm after a former felony conviction.

post-conviction relief on the ground that his claims were procedurally barred under Oklahoma law.  See Hale v. State, 807 P.2d 264, 266-67 (Okla. Crim. App. 1991) (holding Okla. Stat. Ann. tit. 22, § 1086 and the doctrine of res judicata bar assertion in postconviction proceedings of alleged errors "which could have been raised on direct appeal, but were not").  Generally, a federal habeas court does not "address issues that have been defaulted in state court on an independent and adequate state procedural ground unless cause and prejudice or a fundamental miscarriage of justice is shown."  Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993).

Here, however, we need not undertake an analysis of cause and prejudice. As we recently held in Sena v. New Mexico State Prison, 1997 WL 111255, at *2-*3 (10th Cir. Mar. 13, 1997) (to be published at 109 F.3d 652), procedural default does not apply to a claim that the petitioner lacked competence to enter a guilty plea, at least when the petitioner is unrepresented by counsel following entry of the guilty plea.  Because the substantive nature of Mr. Webb's claim excuses it from the procedural bar rule, the district court erred in determining that the claim was procedurally barred.

We cannot affirm on the grounds relied upon by the district court. Moreover, the insufficiency of the record on appeal precludes a reasoned review of Mr. Webb's claim on the merits.  We therefore reverse and remand for further

proceedings.[3] To aid the district court on remand, we summarize the applicable law and point out pertinent record deficiencies.

The legal principles underlying Mr. Webb's claim are well-settled. The standard for determining competence to enter a guilty plea is the same as that required to determine competence to stand trial: whether the defendant can understand the proceedings and assist counsel in preparing a defense. See Godinez v. Moran, 509 U.S. 389, 396-99 (1993). Due process requires a trial court to hold a competency hearing whenever the evidence before it raises a reasonable doubt as to the defendant's mental competence. See Pate v. Robinson, 383 U.S. 375, 385 (1966); see also Sena, 1997 WL 111255, at *3. "[O]nce doubt is raised, the court cannot dispel it simply by relying on contrary evidence. The protections of an adversary proceeding must be afforded the defendant." Sena, 1997 WL 111255, at *3 (citation omitted).

There are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed. . . ." Drope v. Missouri, 420 U.S. 162, 180 (1975). Factors to be considered are a defendant's demeanor and behavior in court, prior medical opinions on competence to stand trial, see

---

[3] Mr. Webb has also argued that he received ineffective assistance of counsel because counsel abandoned him during the ten-day period in which he could have withdrawn his guilty plea, and because counsel failed to object to the validity of his prior convictions. In light of our resolution of the competency claim, we do not reach these additional claims.

id., and the attorney's representations concerning the defendant's competence, see Coleman v. Saffle, 912 F.2d 1217, 1226 (10th Cir. 1990). A recent, prior adjudication of incompetence, without a judicial determination of a change in the defendant's mental condition, may produce the necessary doubt. See Sena, 1997 WL 111255, at *3. As a matter of law, the prior adjudication of incompetence gives rise to a rebuttable presumption of continued incompetence. See id. at *4.

With the present record, we are unable to evaluate the evidence to determine if it created a genuine, reasonable doubt about Mr. Webb's competency at the time of the plea hearing. In fact, we cannot ascertain whether Mr. Webb was entitled to the presumption of continued incompetence that arises from a prior adjudication of incompetence.

On April 3, 1992, counsel filed an application for a determination of competency to stand trial based on a psychotic episode that took place in the county jail and Mr. Webb's prior history of mental illness. Although the state district court's order denying post-conviction relief, R. Doc. 12, Ex. F(A) at 4, relates that Mr. Webb was adjudicated incompetent on July 27, 1992, the docket sheet of the state trial court has no entry for that date and no intelligible notation of a determination of incompetency on any date. See id., Ex. D(B).[4] The only

_____

[4] There is an entry for September 2, 1992, which states "determination of competency," and one for October 14, 1992, which states "issued order of
(continued...)

document in the record relevant to a determination of incompetency is the report of a forensic psychologist who examined Mr. Webb on August 25, 1992.[5] In it, the psychologist stated that Mr. Webb was unable to communicate in a rational manner, recommended Mr. Webb be considered incompetent to stand trial, and predicted that a course of medication could stabilize Mr. Webb's condition within a reasonable time. See id. at Ex. E(A).

Subsequently, Mr. Webb was admitted to Eastern State Hospital for evaluation and treatment. On November 30, 1992, a staff psychologist sent a written report to the court, stating that Mr. Webb had attained competency to stand trial, although he retained some paranoid ideation. See id. at Ex. E(C). Mr. Webb was returned to the Oklahoma County Jail.

Appellees assert, based on statements in the state district court order denying post-conviction relief, that Mr. Webb was found to be competent at a post examination competency hearing held on January 8, 1993. See id., Ex. F(A) at 4. Mr. Webb alleges that no such hearing was held. After an independent

---

[4](...continued)
commitment." It may be reasonable to surmise that Mr. Webb was adjudicated incompetent on September 2. However, we are unwilling to base our analysis on this conjecture.

[5]    Mr. Webb submitted the psychologist's report to the federal district court as a "Determination of incompetency to stand trial." See R. Doc 12, Ex. E(A).

review of the record, we note that Mr. Webb's position is supported by the absence of court documents and the lack of an entry on the docket sheet.[6]

On February 23, 1993, Mr. Webb participated in a plea hearing. He was represented by counsel.[7] The court noted Mr. Webb's history of mental illness and questioned Mr. Webb and counsel concerning Mr. Webb's mental competence. See R. Doc. 8, Ex. E at 2-5. Apparently satisfied with Mr. Webb's monosyllabic answers, the court accepted his pleas as knowing and voluntary and entered judgment of conviction. See id. at 1112.

On remand, the first responsibility of the district court is to find out the course of proceedings in the state trial court. The applicability of the presumption of continued incompetence hinges upon Mr. Webb's adjudicated status. Next, the court must review the evidence, applying the proper presumptions, to decide if the trial court should have entertained reasonable doubt

---

[6] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, enacted April 24, 1996, amended the standards for reviewing a state court's determination of a factual issue. The prior § 2254(d) provided that a state court's determination "shall be presumed correct." The amended § 2254(e)(1) states that the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." We need not determine here which version applies to Mr. Webb's claim. Because the district court did not reach this issue, it did not weigh the validity of the state court's "finding" under either standard.

[7] On appeal, Mr. Webb draws our attention to docket sheet entries showing that his attorney was permitted to withdraw prior to the plea hearing. However, it appears from the transcript of the proceedings that the attorney did in fact represent Mr. Webb at the hearing.

as to Mr. Webb's competency at the time of the plea hearing. If so, the colloquy between Mr. Webb and the court was insufficient to support a competency determination, and Mr. Webb was entitled to a full-blown evidentiary hearing on the issue. See Sena, 1997 WL 111255, at *3. Resolution of these issues will require, at a minimum, the supplementation of the record with relevant documents from the state court proceedings. Cf. Steele, 11 F.3d at 1524 ("Where there is no factual dispute, an evidentiary hearing is not necessary.").

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge