**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL EDWARD WEBB,

      Petitioner - Appellant,

v.

EDWARD L. EVANS,

      Respondent - Appellee.

No. 99-6224

(W.D. Oklahoma)

(D.C. No. CV-95-882-L)

**ORDER AND JUDGMENT**  *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Edward Webb, an Oklahoma state prisoner, pleaded guilty to trafficking in illegal drugs, possession of a sawed-off shotgun, possession of a

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

firearm while committing a felony, and possession of a firearm after a former felony conviction. In this pro se petition for federal habeas corpus relief under 28 U.S.C. § 2254, Webb alleges that he was deprived of due process when the state trial court accepted his guilty plea without having held a proper competency hearing after a prior determination of incompetency. In order to challenge the district court's denial of his petition, Webb has filed a motion seeking a certificate of appealability pursuant to 28 U.S.C. § 2253(c), which we construe as an application for a certificate of probable cause (CPC). [1] He has also filed a notification of typographical error and a motion to replace certain language in his pleadings before us. We grant Webb's uncontested motion to modify and correct his pleading. We grant his application for a CPC, and we affirm.

## BACKGROUND

This is Webb's second attempt to appeal the district court's denial of his § 2254 petition. In his first appeal, Webb disputed the district court's conclusion

---

[1]Webb's habeas petition was filed on June 14, 1995. Therefore, the certificate of appealability provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), do not apply. Instead, we apply pre-AEDPA requirements, construing Webb's motion as an application for a certificate of probable cause (CPC). United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997) (overruling prior circuit precedent). In order to obtain a CPC, Webb must make "a substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (internal quotations omitted).

that his claim was procedurally barred because of his failure to take a direct appeal in Oklahoma state courts.  In an unpublished opinion, we held that this procedural bar does not apply to substantive due process claims of mental incompetency, "at least when the petitioner is unrepresented by counsel following entry of the guilty plea."    Webb v. Evans , No. 96-6257, 1997 WL 207514, at *1 (10th Cir. Apr. 28, 1997) (   Webb I).  We therefore reversed and remanded to the district court, directing it to ascertain "the course of proceedings in the state trial court," id., at *3, including any adjudications of Webb's competency.      Id.  We specifically directed the district court to "apply[] the proper presumptions to decide if the trial court should have entertained reasonable doubt as to Mr. Webb's competency at the time of the plea hearing," and, we further noted that, if the district court found evidence that created such a reasonable doubt, the plea entry "colloquy between Mr. Webb and the court was insufficient to support a competency determination."   [2]  See Webb I, 1997 WL 207514, at *3.

On remand, the district court referred the matter to a magistrate judge who directed the respondent to file a supplemental response as required by our opinion. R. Vol. II, Doc. 34.  The respondent then submitted a supplemental brief with several exhibits from the state court record, and Webb filed a reply.      See id.,

---

[2]Although our instructions to the district court employed both procedural and substantive due process standards, our general reversal did not separately address or distinguish Webb's claims of procedural due process violations.

-3-

Doc. 36. The supplemented record reveals the following state court proceedings and related events.

On December 31, 1991, Webb was arrested for state drug and firearm violations. Webb's counsel filed applications for a determination of competency, citing, inter alia , Webb's confused and deranged behavior while incarcerated and Webb's previous history of and treatment for mental illness. [3] See id., Ex. A. On April 3, 1992, the court held a hearing on that application. See id., Ex. C. On the same day, a conformed order was filed that directed the sheriff to transport Webb to a Department of Mental Health facility for evaluation. [4] The order stated the court's "doubt as to the present competency of . . . Michael Edward Webb, by reason of personal observation of the defendant by this Court; and testimony regarding the defendant's ability to understand the proceedings against [him] and [his] capability of aiding the attorney in preparation for trial." Id.

_____

[3]Webb had previously been adjudicated incompetent in 1988. He was then hospitalized at the Eastern State Hospital where he was treated with psychotropic medication and group therapy. He improved with treatment, and in January 1989 a court found him to be competent. R. Vol. I, Doc. 12, Ex. H. (1989 Eastern State Hospital Discharge Summary).

[4]The magistrate judge concluded that this filed, conformed order is "obviously in error" since it lacks an original court signature, and since it was filed the same date as the application was filed. R. Vol. II, Doc. 48 at 6-7 n.1. In light of the numerous omissions of dates and original signatures on documents and entries in this record, we are unwilling to infer that this particular order's lack of an original signature necessarily negates the accuracy of the matters recited.

Thereafter, a post examination competency hearing was apparently held on July 27, 1992, during which the court heard evidence and found Webb incompetent. [5] See id., Ex. E. The court's order of commitment noted that an examination had already been completed at the jail, [6] and it ordered Webb to be committed to Eastern State Hospital (the State Hospital) for treatment. See id. The order further directed the hospital director to notify the court immediately "[s]hould the Defendant achieve competency." Id. In response to the court's order, on August 10, 1992, Webb was again examined in jail by a forensic psychologist who wrote a letter addressing the following statutory questions:

> 1) Is this person able to appreciate the nature of the charges against him?
>
> 2) Is this person able to consult with his lawyer and rationally assist in the preparation of his defense?
>
> 3) If the answer to question 1 or 2 is "no," can the person attain competency within a reasonable time if provided with a course of treatment, therapy or training?
>
> 4) Is this person a mentally ill person or a person requiring treatment according to Oklahoma Statutes Title 43A Section 3?

---

[5]Although the docket sheet contains no entry for July 27, 1992, the court's commitment order and a psychologist's related correspondence specify that date. See R. Vol. I, Doc. 36, Exs. D (introductory paragraph of attached evaluation), E.

[6]The July 27 commitment order neither recites the results of this first jail house examination, nor its date, nor the person performing it. See R. Vol. I, Doc. 36, Ex. E. However, given the court's finding of incompetency, we assume that the examination supported that determination.

5) If this person were released without treatment, therapy, or training would he pose a significant threat to the life or safety of himself or others?

Id., Ex. D.

The psychologist answered "No" to questions 1, 2, and 5, and she answered "Yes" to questions 3 and 4.    See id.  According to the psychologist's letter, Webb was unable to organize his thinking or to maintain his concentration.  His statements were delusional and out of touch with reality, and he had a psychotic disorder that rendered him incompetent to stand trial.    See id.  However, based on Webb's history of having been found incompetent in 1988, and having responded to treatment, the psychologist opined that hospitalization and supervised medications could help stabilize Webb's condition to the point of competency. See id. at 2, Question 3.

Approximately a month and a half after that letter was written, on Oct. 15, 1992, Webb was admitted to the State Hospital.    [7]  See R. Vol. I, Doc. 12, Ex. H. According to Webb's admission report, although his speech was clear, relevant and coherent, his affect was flat, his mental state was depressed, his emotional status was confused and unstable, and he was disoriented and confused as to time and place.  See id. (Evaluation 10-15-92).  Five days later, his assessment was

---

[7]The July 27 commitment order made no provision for any delay in committing Webb, and, from this record, we cannot determine why he remained in the jail for an additional two and a half months, instead of being immediately transferred to the State Hospital.

-6-

updated.  Id. (Evaluation 10-20-92).  At that time, he was still confused and did

not know his charges.  See id.  On November 30, 1992, a staff psychologist wrote

the court a brief letter indicating that he had examined Webb, and that Webb had

achieved competency.  See R. Vol. II, Doc. 36, Ex. F.  The psychologist answered

the five statutory questions–with"Yes" to questions 1 and 2, "Not applicable" to

question 3, and "No" to questions 4 and 5.  In a short comment paragraph, the

psychologist noted that Webb "still retains some paranoid ideation, [but] he has

cleared up through the use of psychotropic medication.  He is now relevant and

coherent, calm and fully able to assist his attorney in his defense."  Id.

On December 9, the district attorney applied for a post examination

competency hearing, and the court issued an order for a hearing to take place on

January 8, 1993.  See id., Ex. G.  On January 11, 1993, a written, signed order, as

also approved and signed by both the prosecutor and Webb's attorney, was filed.

See id., Ex. H.  In its prefatory paragraph, the order recites the appearance of the

parties for the competency hearing on January 8, specifically stating that

"defendant appears in person and with counsel."  Id.  The next paragraph recites

that the "parties present and represented by counsel stipulate to the findings of the

report by [the staff psychologist] dated November 30, 1992.  No other evidence

was presented.  Both sides rest."  Id.  The third paragraph simply incorporates the

psychologist's answers to the statutory questions, restating those determinations

as the findings of the court.  The fourth paragraph concludes, "It appears to the Court after having reviewed the record and heard the evidence that the defendant is competent."  Id.  Finally, the last paragraph provides that criminal proceedings "shall be resumed."  Id.

Although no related documents have been provided, the docket sheet,  see id. Ex. I, indicates the following additional relevant events:  The entry for January 8, 1993, notes that trial was set for February 22, 1993.  On January 21, 1993, Webb's attorney filed a motion to withdraw.  The docket entry for January 29, 1993, states counsel's motion to withdraw was "overruled w/ exceptions allowe[d]."  On February 2, 1993, the docket notation reads:  "Order allowing withdrawal as attorney of record."  Id.  On February 22, the case was transferred to a different judge.  See id.

Following that transfer, on February 23, 1993, a plea hearing was conducted.  See id., Ex. J.  Notwithstanding the docket entry suggesting his withdrawal, Webb's counsel, Gerrard Dumas, appeared and, in response to the court's question, Webb stated that Dumas was his lawyer, and that Dumas had served him well.  See id. at 2, 8.  The court conducted a brief colloquy, first asking Webb whether he was able to "appreciate and understand the nature, purpose and consequences" of the proceeding, and whether he was able to "assist Mr. Dumas.  Id. at 3.  In response, Webb answered "Yes."  Significantly, although

-8-

most of Webb's answers to the court's questions were simple affirmatives, he accurately corrected the court's statement as to the date of his most recent hospitalization. See id. The court also asked Dumas whether he had any reason to believe Webb was not competent to enter his plea, and Dumas answered, "No." Id. at 5. The court then accepted the plea and entered judgment.

Webb made no attempt to withdraw his plea within the time required by Oklahoma rules. Subsequently, Webb filed an application to appeal out of time, or alternatively, for post conviction relief, alleging, inter alia, that the trial court failed to make a proper determination of his mental capacity, and he was denied the right to effective assistance of counsel. See R. Vol. I, Doc. 12, Ex. FA. at 2. On October 18, 1994, the Oklahoma district court denied his petition. The state court specifically considered the merits of Webb's claim related to competency, finding that the issue had been properly determined, see R. Vol. I, Doc. 12, Ex. FA. at 3-5. The court also found that Webb had failed to assert "sufficient reasons for his failure to comply with the procedural prerequisites to appeal," and had failed to show any entitlement to post-conviction relief. See id. at 3. On January 5, 1995, the Oklahoma Court of Criminal Appeals affirmed the district court's order. See id., Ex. FB.

After reviewing the supplemented record as directed on remand, the magistrate judge again recommended that Webb's petition be denied. Id., Doc.

48. The district court considered Webb's objections, conducted a de novo review, and adopted the magistrate judge's recommendation. Id., Doc. 60. Webb then initiated this appeal. [8]

## DISCUSSION

In habeas cases a federal court defers to the state court's findings of disputed issues of historical fact, absent some reason to doubt the adequacy or the accuracy of the fact-finding proceeding. See Davis v. Executive Dir. of Dept. of Corrections, 100 F.3d 750, 756 (10th Cir. 1996). On appeal, we independently review the factual findings that the district court made from its review of the state court record, see Smallwood v. Gibson, 191 F.3d 1257, 1264 n.1 (10th Cir. 1999), and we review the district court's legal conclusions de novo, see Phillips v. Ferguson, 182 F.3d 769, 772 (10th Cir. 1999). We liberally construe a pro se litigant's pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In Webb I we held that a procedural bar does not apply to Webb's substantive due process claim that "petitioner lacked competence to enter a guilty plea, at least when the petitioner is unrepresented by counsel following entry of the guilty plea." Webb I, 1997 WL 207514, at *1; see also Barnett v. Hargett,

---

[8]In the district court Webb also argued ineffectiveness of counsel based upon counsel's failure to object to the validity of prior convictions and upon his alleged abandonment following his guilty plea. However, Webb has not appealed the district court's ruling on his ineffectiveness claims.

-10-

174 F.3d 1128, 1134 (10th Cir. 1999) (refusing to apply Oklahoma's procedural bar in non-capital habeas case where petitioner's direct appeal predated Cooper v. Oklahoma , 517 U.S. 348 (1996)).  As our previous opinion indicated, we interpreted Webb's petition to state a substantive due process claim that he was incompetent at the time he entered his plea and, without distinguishing or addressing Webb's claims of procedural due process violations, we reversed. [9] See Webb I , 1997 WL 207514, at *1.  On remand, the magistrate judge separately considered Webb's procedural and substantive arguments as within the scope of our instructions, and we, too, address both in this appeal.

"A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competency was put in issue."  Walker v. Attorney Gen. for State of Oklahoma , 167 F.3d 1339, 1343 (10th Cir. 1999) (quoting Medina v. Singletary , 59 F.3d 1095, 1106 (11th Cir. 1995)).  To establish a procedural due process violation, a

_____

[9]We have generally held that procedural due process claims are subject to waiver and procedural bar, while substantive claims are not.  See Walker v. Attorney Gen. for State of Oklahoma, 167 F.3d 1339, 1344 (10th Cir. 1999).  But see Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir. 1999) (refusing to apply Oklahoma's procedural bar to claims in non-capital habeas case where petitioner's direct appeal predated Cooper v. Oklahoma, 517 U.S. 348 (1996)); cf United States v. Williams, 113 F.3d 1155, 1160 (10th Cir. 1997) (holding in direct appeal that neither substantive nor procedural due process competency rights can be waived).

petitioner must show that the state trial judge ignored facts raising a "bona fide doubt" regarding his competency to stand trial.     Id.

By contrast, to establish a substantive due process claim, a petitioner must show that he was, in fact, incompetent when he was tried.     See id.  As set out in Webb I :

> The standard for determining competence to enter a guilty plea is the same as that required to determine competence to stand trial: whether the defendant can understand the proceedings and assist counsel in preparing a defense.     See Godinez v. Moran   , 509 U. S. 389, 396-99 (1993).  Due process requires a trial court to hold a competency hearing whenever the evidence before it raises a reasonable doubt as to the defendant's mental competence.     See Pate v. Robinson , 383 U.S. 375, 385 (1966);    see also  Sena , 109 F.3d at 655.  "[O]nce doubt is raised, the court cannot dispel it simply by relying on contrary evidence.  The protections of an adversary proceeding must be afforded the defendant."     Sena , 109 F.3d at 655. (citation omitted).

Webb I , 1997 WL 207514, at *2.

A.  The January 8, 1993, Adjudication and Resumption of Proceedings      .

On January 11, 1993, a written order was filed.  That order sets forth the court's adjudication of Webb's competency on January 8, 1993, and it directs the proceedings to be resumed.  Webb denies having been before any judge on that date.  Alternatively, he argues, even if his memory is faulty, and he was physically present, there was no full and fair hearing which applied the appropriate standard required by     Cooper , 517 U.S. at 366-69 (rejecting

-12-

Oklahoma's requirement that a defendant prove incompetence by clear and convincing evidence). [10] Thus, Webb asserts the court failed to conduct a colloquy with him, and it neglected to consider other information and documents which would have cast doubt on his competency. [11] This claim is properly characterized as a procedural due process claim that would generally be subject to procedural bar. See Walker, 167 F.3d at 1343. However, even if the claim were not barred, see, e.g., Barnett, 174 F.3d at 1134, we conclude it fails on the merits.

The trial judge must determine competency according to constitutional standards. See Barnett, 174 F.3d at 1135. As we stated in Webb I, when

[10]Webb did not cite Cooper until his latest appellate documents, and, although Webb I addressed constitutional standards related to competency determinations, it also omitted any direct reference to Cooper. However, in both state and federal court proceedings, Webb has argued that the state court did not apply constitutional standards when it made its competency determination. In light of Webb's pro se status, we have specifically considered Cooper's significance to this case. See note 14 infra.

[11]Specifically, Webb disputes the reliability of the November 30 letter's indication that his improvement related to medication, since he had been on medication prior to his transfer to the State Hospital. He also points to a December 29, 1993, written report prepared by the State Hospital treating staff containing the notation "Question of Competency" under the heading for "Unresolved And/Or New Identified Problems," R. Vol. I, Doc. 12, Ex. H. at 2, and he argues the target dates for reassessment indicate a continued question regarding his competency. However, Webb's argument ignores the December report's express reference to the November letter, and its incorporation of the letter's competency finding. See id. at 2, 5. Moreover, the fact that Webb had been receiving medication prior to his hospitalization does not belie the medication's improved efficacy when adjusted and delivered with extensive counseling in a clinically supervised environment.

determining whether a defendant is competent to proceed, the court needs to consider "a defendant's demeanor and behavior in court, prior medical opinions on competence to stand trial, and the attorney's representations concerning the defendant's competence." Id., 1997 WL 207514, at *2. Moreover, a state court's finding of underlying historical facts and factual conclusions drawn therefrom are entitled to the presumption of correctness "where those findings are evidenced by a written record and arrived at following a 'full, fair and adequate hearing.'" Sena v. New Mexico State Prison, 109 F.3d 652, 655 (10th Cir. 1997) (citing former 28 U.S.C. § 2254(d) and (d)(6)),[12] overruled in part by, United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

On its face, the January 8 order indicates that the court made its finding of competency only after noting Webb's presence, and fully reviewing the record, including the November 30, 1992, letter and Webb's counsel's stipulation to the letter's findings.[13] A "presumption of regularity" attaches to the order's recitations.[14] Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also Parke v.

----

[12]The cited portions of 28 U.S.C. § 2254 were amended by the AEDPA, but those amendments do not apply to this petition filed before the AEDPA's effective date.

[13]Notably, Webb has never asserted ineffectiveness of counsel related to counsel's failure to raise evidence contradicting the conclusions of the November 30 letter.

[14]Significantly, this case differs from Barnett, 174 F.3d at 1135-36, where
(continued...)

Raley, 506 U.S. 20, 29-30 (1992). Accordingly, Webb has failed to demonstrate

that he was not afforded a full, fair hearing on the issue of his competency. [15]

   B.  The February 23, 1993, Plea Hearing    .

   As we noted in   Webb I , the adequacy of the plea hearing on February 23

depended upon Webb's adjudicated status.  In this case, the intervening

competency adjudication removed any presumption of continued incompetency.

Moreover, while Webb points to jail records that document his complaint of

hearing voices on February 18, the record also indicates that his medications were

adjusted in response to that episode,    see R. Vol. I, Doc. 12, Ex. G (Physician's

Orders 2-18-93), and there are no further indications of any continued problems.

_____

   [14](...continued)
no written order existed, and the petitioner was "effectively unrepresented during
a critical stage" related to the competency hearing.  Rather, in this case, there is
no question regarding Webb's representation at the January 8 hearing, and
Webb's attorney did not dispute his client's competency either at that time, or at
any later critical stage.  Thus, there is simply no evidence (viewed under any
standard) which creates any bona fide doubt as to Webb's competency at the time
of the January 8 hearing.  Accordingly, a Cooper analysis, with its focus on
procedural due process and Oklahoma's use of an unconstitutional standard for
determining competency, is not pertinent to this case.  See Cooper, 517 U.S. at
365-67.

   [15]Webb also complains that the January 8 hearing failed to comply with
Oklahoma procedural requirements.  "[F]ederal habeas corpus relief does not lie
for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting
Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Accordingly, there is no evidence which should have caused the court to entertain reasonable doubt as to Webb's competence.

**CONCLUSION**

In Webb I, we interpreted Webb's arguments relating to the plea hearing to state a substantive due process claim, and we determined the claim could not be resolved without supplementing the record. After reviewing the supplemented record, we find no error in the district court's conclusion that Webb's claims respecting his competency do not merit federal habeas relief.

Accordingly, for the reasons stated, we GRANT Webb's motion to correct his petition. We GRANT the application for a CPC, and we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge