FILED
United States Court of Appeals
Tenth Circuit

February 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREG VAUGHN,

Petitioner - Appellant,

v.

MIKE BOLT, Warden,

Respondent - Appellee.

No. 17-6200
(D.C. No. 5:17-CV-00269-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Petitioner Greg Vaughn, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition as time-barred. In dismissing Petitioner's application, the district court failed to

consider Petitioner's arguments that his claims of incompetence and fraud on the court

cannot be time-barred under this court's precedents. We therefore grant the request for a

certificate of appealability and reverse and remand this case to the district court to

address these arguments.

In January 2012, Petitioner pled guilty in two cases in Grady County, Oklahoma

for possession of controlled dangerous substance in violation of Okla. Stat. Ann. tit. 63, §

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2-402 (West 2016). Petitioner filed a motion for judicial review in both cases, which was denied. Petitioner then filed a motion requesting an amended judgment and sentence to address the confusion within the Oklahoma Department of Corrections concerning his concurrent sentences. The state court entered an order *nunc pro tunc* to reflect the correction. On February 12, 2014, Petitioner filed an application for post-conviction relief in both Grady County cases, which the state court denied. Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA) on July 28, 2014, which dismissed the appeal as untimely. He then filed a second application for post-conviction relief for the Grady County cases, which was also denied. The OCCA affirmed the denial.

On March 10, 2017, Petitioner filed his pro se § 2254 habeas application in the district court, arguing that: (1) he was incompetent at the time of both his plea and his sentencing; (2) there was "fraud on the court" because the arresting officer lied in his probable cause arrest affidavit; and (3) he was entitled to relief based on cumulative error. In an eleven-page Report and Recommendation (R&R), the magistrate judge recommended denying the § 2254 petition as untimely. The district court adopted the R&R and dismissed the habeas application as time-barred. Petitioner now appeals this dismissal based on his incompetence and fraud arguments.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a habeas applicant has a one-year limitation period in which to file a § 2254 action, which is triggered by one or more of the subsections under 28 U.S.C. § 2244(d)(1). The magistrate judge, and later the district court, determined that Petitioner's one-year habeas clock began to run on "the date on which the judgment became final by the conclusion of

2

direct review," which occurred ten days after Petitioner's plea on January 27, 2012. (R. at 218 (citing 28 U.S.C. § 2244(d)(1)(A).)  Absent statutory or equitable tolling, Petitioner's statute of limitations expired on January 28, 2013.

As the magistrate judge explained, the AEDPA limitations period is tolled while a properly filed application for state post-conviction or other collateral review regarding the pertinent judgment or claim is pending.  *See* 28 U.S.C. § 2244(d)(2).  "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted); *see also Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006).  The magistrate judge and district court determined that Petitioner's petition for judicial review did not toll the habeas limitations period because Petitioner failed to obtain the consent of the Oklahoma County District Attorney before filing his petition, as required under Okla. Stat. Ann. tit. 22, § 982a (West 2010).

Citing *Williams v. Beck*, 115 F. App'x 32 (10th Cir. 2004), the magistrate judge and district court further rejected Petitioner's claim that the one-year habeas limitations period started on August 8, 2013, "the day the trial court entered an Amended Nunc Pro Tunc Order clarifying how his sentences were to be served," because this was not part of the direct review process.  (R. at 221-22.)  The magistrate judge and district court also concluded that Petition's applications for post-conviction relief did not toll the AEDPA limitations period, as both applications were filed after the time period had already expired.  Lastly, the magistrate judge and district court determined that Petitioner was not entitled to equitable tolling because he presented "no particular argument" on this point

3

beyond a vague assertion that he had "diligently pursued his rights." (R. at 224-25.) Based on this analysis, the district court adopted the magistrate judge's recommendation and dismissed Petitioner's March 10, 2017 habeas petition as untimely.

Petitioner argued before the district court and again on appeal that his claims of incompetence and fraud on the court fall within exceptions to the general one-year statute of limitations. In support of this position, Petitioner cited *Sena v. N.M. State Prison*, 109 F.3d 652 (10th Cir. 1997), in which this court noted that where there is a "conflation of cause (here incompetence) and prejudice in the substantive due process claim [that the state allowed him to enter a guilty plea while mentally incompetent] . . . procedural default does not apply." *Id.* at 654. Yet, the magistrate judge and the district court did not address Petitioner's legal position or the underlying evidence he provided to support his substantive due process claim that he was incompetent when he entered his guilty plea. Petitioner also asserted that there is no AEDPA statute of limitation for bringing a claim of fraud upon the court in a § 2254 petition, since "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." *United States v. Williams*, 790 F.3d 1059, 1071 (10th Cir. 2015) (quoting *Kenner v. Comm'r*, 387 F.2d 689, 691 (7th Cir. 1968)); *see also* Fed. R. Civ. P. 60(d)(3). The magistrate judge and district court similarly did not address this legal argument or Petitioner's related evidence allegedly showing that the arresting officer lied in his report. We are persuaded that reasonable jurists could debate whether the district court erred in dismissing the petition as time-barred without considering these arguments and authorities.

4

Where the district court denies a habeas petition on procedural grounds, we will grant a certificate of appealability if the petitioner shows that reasonable jurists would find debatable (1) whether the procedural ruling was correct, and (2) whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the merits of the underlying constitutional claims have not been addressed by the district court or briefed on appeal, "our review is limited," and we "only take a quick look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 802-03 (10th Cir. 2000) (internal quotation marks and brackets omitted). In this case, our quick look at the habeas petition persuades us that Petitioner has facially alleged the denial of a constitutional right, although we express no opinion as to the ultimate legal and factual merits of his claims. We are also persuaded that reasonable jurists could debate the correctness of the district court's procedural ruling, and, moreover, that Petitioner's arguments that his claims withstand the habeas limitations period would best be addressed by the district court in the first instance.

We accordingly **GRANT** Petitioner's request for a certificate of appealability and **REVERSE** and **REMAND** for further proceedings consistent with this order and judgment. Petitioner's motion to proceed in forma pauperis on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

5