**UNITED STATES COURT OF APPEALS**

**June 5, 2019**

**TENTH CIRCUIT**

GREG VAUGHN,

      Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director of the
Oklahoma Department of Corrections,*

      Respondent - Appellee.

Nos. 18-6175 & 18-6176
(D.C. Nos. 5:18-CV-00349-C &
5:17-CV-00269-C)
(W.D. Okla.)

### ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

In these two appeals, Petitioner Greg Vaughn seeks a certificate of appealability to appeal the district court's dismissal as time-barred of two 28 U.S.C. § 2254 habeas corpus petitions. Because these appeals raise very similar legal issues, we consolidate them here for purposes of disposition.

---

* Because Petitioner is currently serving a suspended sentence under the supervision of the Oklahoma Department of Corrections, the proper respondent in these habeas appeals is Joe M. Allbaugh, the official in charge of the state correctional agency. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. We have corrected the captions accordingly.

** This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In Appeal No. 18-6175, Petitioner seeks to appeal the district court's dismissal of Case No. 5:18–CV–00349–C, which he initiated in April 2018 by filing a habeas petition challenging his convictions on various Oklahoma state charges to which he pled guilty in October 2011.  In Appeal No. 18-6176, Petitioner seeks to appeal the district court's dismissal of Case No. 5:17–CV–00269–C, in which he filed a habeas petition in March 2017 to challenge his convictions on separate Oklahoma state charges to which he pled guilty in January 2012.  In each case, Petitioner does not dispute that his habeas petition was filed outside § 2244(d)(1)'s one-year statute of limitations; however, he contends that the statute of limitations is inapplicable and/or subject to equitable tolling because (1) he was mentally incompetent and suffering from PTSD when he pled guilty and was sentenced in each case, and (2) fraud on the court occurred when law enforcement officers included false information on their arrest affidavits and otherwise presented false information to the trial court, and when the district attorney failed to present exculpatory evidence to the court.

Appeal No. 18-6176 comes to us following a remand.  In the previous appeal, a panel of this court held that the district court erred in dismissing Petitioner's habeas petition as time-barred without first considering his arguments for avoiding or equitably tolling the statute of limitations.  *See Vaughn v. Bolt*, 712 F. App'x 833, 835–36 (10th Cir. 2018) (unpublished).  The case was accordingly remanded for the district court to consider these arguments.  *See id.* at 836.  On remand, the district court re-referred the

case to a magistrate judge. The magistrate judge issued a twenty-seven-page report and recommendation that thoroughly considered Petitioner's arguments and evidence, ultimately concluding that he had not shown either a valid exception to the statute of limitations or an entitlement to statutory or equitable tolling. The district court agreed and dismissed the habeas petition as untimely.

In Case No. 5:18–CV–00349–C, which Petitioner seeks to appeal in Appeal No. 18-6175, a different magistrate judge considered Petitioner's similar arguments for avoiding or tolling the statute of limitations. In a sixteen-page report and recommendation, this magistrate judge likewise concluded that Petitioner's allegations and evidence of incompetency and fraud on the court did not entitle him either to an exception to the statute of limitations or to statutory or equitable tolling. In reaching this conclusion, the magistrate judge relied in part on the other magistrate judge's reasoning in Case No. 5:17–CV–00269–C, but he also elaborated on this reasoning and considered fact-specific issues relating to Petitioner's arguments and evidence of incompetency and fraud on the court in this case. Again, the district court agreed with the magistrate judge's recommendations and thus dismissed the habeas petition as untimely.

We have carefully reviewed Petitioner's arguments, the records in both appeals, and the relevant cases. We conclude that reasonable jurists could not debate the correctness of the district court's dismissal of both habeas petitions as untimely. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In each case, the magistrate judge

thoroughly and persuasively explained why Petitioner's allegations and evidence failed to demonstrate a valid basis for avoiding or tolling the statute of limitations. We see no need to reiterate those explanations here. We also conclude that reasonable jurists could not debate the correctness of the district court's denial of Petitioner's requests for an evidentiary hearing in each case.

For substantially the same reasons given by the magistrate judges and adopted by the district court, we **DENY** Petitioner's requests for a certificate of appealability and **DISMISS** both appeals. Petitioner's motion to proceed *in forma pauperis* on appeal in each case is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge