FILED
United States Court of Appeals
Tenth Circuit

February 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AARON DAVID TRENT NEEDHAM,

    Petitioner - Appellant,

v.

STATE OF UTAH,

    Respondent - Appellee.

No. 18-4159
(D.C. No. 2:16-CV-00146-JNP)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HARTZ**, and **HOLMES**, Circuit Judges.
_____

Aaron David Trent Needham, a state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal from the district court's decision denying in part and

dismissing in part his motion for relief under Fed. R. Civ. P. 60(b).  We deny a COA and

dismiss this appeal.

I. Background

In November 2009, Mr. Needham pleaded guilty to one count of issuing a bad

check.  The plea was held in abeyance with the requirement that over a 36-month period,

Mr. Needham would pay restitution to the Dixie Leavitt Insurance Agency.  In November

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2011, Mr. Needham said he could not continue with the stipulated payment plan due to medical problems. His payments were initially reduced and then the state agreed to a modification to the plea in abeyance, which extended the repayment period by three years. Mr. Needham, however, failed to comply with the modified repayment plan.

In June 2014, the state court found that he had violated the terms of the plea in abeyance. It lifted the plea in abeyance, entered the conviction, and sentenced Mr. Needham to a zero-to-five-year prison term. The court ordered the sentence to run concurrently with other state sentences Mr. Needham was then serving. On direct appeal, the Utah Court of Appeals affirmed the conviction.

Mr. Needham subsequently filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his conviction. The district court granted the state's motion to dismiss after determining that Mr. Needham's claims were procedurally barred in state court and there were no applicable exceptions to excuse the procedural bar. Mr. Needham appealed the dismissal of his habeas petition, and we denied his request for a COA.

While his appeal was pending, Mr. Needham filed a Rule 60(b) motion. The district court determined that five of the six claims for relief constituted second or successive § 2254 habeas claims because they asserted claims of constitutional error in his state conviction. Because Mr. Needham had not received authorization to file these second or successive § 2254 claims, the district court dismissed them for lack of jurisdiction. The court considered the one remaining Rule 60(b) claim on the merits and denied that claim. Mr. Needham now seeks to appeal the district court's decision.

2

II. Discussion

A COA is required to appeal from a "final order in a habeas corpus proceeding." 28 U.S.C. § 2253(c)(1)(A). We have held that a prisoner is required to obtain a COA to appeal from the denial of a Rule 60(b) motion in a habeas case. *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006). We have also held that a federal prisoner is required to obtain a COA to appeal from the district court's dismissal of an unauthorized 28 U.S.C. § 2255 motion. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Although Mr. Needham is a state prisoner seeking to appeal from the dismissal of unauthorized § 2254 habeas claims, *Harper* was interpreting the phrase "final order" under § 2253, which applies to both § 2255 proceedings and § 2254 habeas proceedings, *compare* § 2253(c)(1)(A) (requiring a COA to appeal from a "final order in a habeas corpus proceeding") *with* § 2253(c)(1)(B) (requiring a COA to appeal from a "final order in a proceeding under section 2255"). Mr. Needham must therefore obtain a COA to appeal from the district court's decision denying his one Rule 60(b) claim on the merits and dismissing the remaining claims as unauthorized second or successive § 2254 habeas claims. The district court denied his request for a COA.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). For the district court's denial of the Rule 60(b) claim on the merits, Mr. Needham "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the district court's procedural ruling dismissing the unauthorized second or successive § 2254 habeas claims, Mr. Needham

3

must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The district court determined that one of Mr. Needham's claims was properly brought as a Rule 60(b) claim because it asserted a defect in the integrity of the federal habeas proceedings, *see Spitznas*, 464 F.3d at 1225. Liberally construing the pro se Rule 60(b) motion, the district court concluded that Mr. Needham was challenging the court's failure to rule on the merits of one of his habeas claims because a substantive due process claim based on lack of competence to enter a guilty plea cannot be procedurally defaulted, *see Sena v. N.M. State Prison*, 109 F.3d 652, 654 (10th Cir. 1997). The claim from Mr. Needham's habeas petition was "[w]hether the court abused its discretion allowing a plea agreement [to] be entered by someone under influence of pain medication that altered cognitive processing effecting knowing and intellectual ability." R., Vol. II at 839 (internal quotation marks omitted).

The district court recognized that "'[e]nforcement of a conviction based on a plea of an incompetent person is a denial of due process.'" *Id*. at 840 (quoting *Sena*, 109 F.3d at 655). But the court explained that to obtain relief, Mr. Needham was required to "offer evidence creating a genuine, reasonable doubt about his competence." *Id*. (brackets and internal quotation marks omitted). The court noted that "[i]n contrast with the petitioner in *Sena* who had a presumption of incompetency" based on a prior adjudication of incompetency in state court, "Needham was never adjudicated incompetent in the state court proceedings." *Id*.

4

As the district court observed, the key to the competency inquiry "is whether the defendant has a rational and factual understanding of the proceedings." *Id*. (internal quotation marks omitted). The court noted that to establish incompetence in his initial § 2254 petition, Mr. Needham alleged he entered his plea agreement "having taken percoset, nurotin, and oxycoton." *Id*. at 840-41. But the court further noted, Mr. Needham said he took the medication "to handle [his] drive to Cedar City." *Id*. at 840-41 (internal quotation marks omitted). The court concluded that "if Needham had enough clarity to drive to Cedar City and back, Needham also had the necessary 'rationality' to understand the charges against him." *Id*. The court noted that Mr. Needham also alleged in his Rule 60(b) motion that he appeared before the state trial court "right after being released from the hospital," and that he "struggles with CTE neurological disorder[] and PTSD." *Id*. at 358. But the district court determined that "[t]hese allegations are also insufficient to establish reasonable doubt [as to Mr. Needham's competency] absent specific evidence that he was unable to understand the proceedings." *Id*. at 841. Because Mr. Needham failed to meet his burden of raising a reasonable doubt as to his competency, the district court denied his Rule 60(b) claim.

In his COA application, Mr. Needham argues that he "lacked a rational and factual understanding of [the state court] proceedings." COA App. at 3. In support, he cites to exhibits attached to his application (Exhibits 2 through 9) and exhibits submitted with a separate *Affidavit for Certificate of Appealability* (Exhibits 1, 10 and 11). *See id*. (discussing Exhibits 2 through 5 and noting their "importance . . . in disput[ing] the district court[']s opinion"); *id*. at 6 (discussing Exhibits 7 through 11 and noting that

5

"[t]he exhibits in #11 show that . . . the disease has caused multiple injuries of petitioner[']s health that challenge both physical incapacity and mental incapacity and his incompetency over 10 years"). He asserts that "[t]he exhibits are facts material to determine petitioner[']s incompetency that make a substantial showing of the denial of a constitutional right." *Id.*

The problem with Mr. Needham's argument, however, is that—with one exception[1]—the exhibits attached to his COA application are not part of the record on appeal as they were never presented to the district court with his § 2254 habeas petition or his Rule 60(b) motion.[2] *See Utah v. U.S. Dep't of Interior*, 535 F.3d 1184, 1195 n.7 (10th Cir. 2008) ("[N]ew evidence not submitted to the district court is not properly part of the record on appeal."). We limit our review to the record that was before the district court when it made its decision. *See, e.g., Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (declining to consider new evidence attached to appellant's opening brief "because it was not before the district court when the various rulings at issue were made"). Because Mr. Needham improperly relies on materials

---

[1] We found that a two-page medical report contained in Exhibit 5 to the COA application was also included as part of Exhibit 9 to the Memorandum in Support of Rule 60(b) motion filed in the district court. *Compare* COA App., Ex. 5 at 2-3 *with* R., Vol. II at 650-651. But Mr. Needham fails to explain how that medical report from January 2013, which discusses a number of his physical ailments, establishes that he was incompetent at the time he entered his guilty plea in November 2009.

[2] We previously issued an order construing Mr. Needham's *Affidavit for Certificate of Appealability* as a motion to supplement the record on appeal and denying it. *See* Order filed Jan. 14, 2019, at 1.

outside of the record to challenge the district court's decision, he has failed to show that reasonable jurists could debate the district court's resolution of his Rule 60(b) claim.

The district court determined that the other claims in the Rule 60(b) motion were unauthorized second or successive § 2254 claims and it dismissed those claims for lack of jurisdiction. Those claims were for denial of access to the courts, ineffective assistance of counsel, and prosecutorial misconduct.

A Rule 60(b) motion should be treated as a second or successive § 2254 habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215. A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

In his request for a COA, Mr. Needham does not explain how the district court erred in construing the claims in his Rule 60(b) motion as second or successive § 2254 habeas claims and dismissing them for lack of jurisdiction. Instead, he argues the merits of his claims and asserts he has newly discovered evidence to support them, referring to the exhibits he attached to his COA application. As we noted above, such evidence is not properly presented in this appeal because it is not part of the record. Moreover, Mr. Needham's argument that he has newly discovered evidence to support his claims fails to show that reasonable jurists could debate the district court's procedural ruling

treating these claims as unauthorized second or successive § 2254 habeas claims and dismissing them for lack of jurisdiction.[3]

III. Conclusion

For the foregoing reasons, we deny a COA and dismiss this matter. We also deny Mr. Needham's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

---

[3] Mr. Needham may file a motion for authorization to bring a second or successive § 2254 claim based on newly discovered evidence if he can meet the requirements in § 2244(b)(2)(B).